Gilberto MARIN, Plaintiff,

v.

**NEW YORK STATE DEPARTMENT OF LABOR and Manpower Services Division, Baldassare Abruzzo, Teresa Laneri and Ralph Georgalis, Defendants.**

No. 80 Civ. 1559.

United States District Court,
S. D. New York.

April 24, 1981.

Harold M. Weiner, New York City, for plaintiff.

Robert Abrams, Atty. Gen., State of New York, New York City, for defendants; Barbara B. Butler, Asst. Atty. Gen., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff commenced this action asserting claims under § 704 of Title VII of the Civil Rights Act of 1964,[1] 42 U.S.C. §§ 1985(3) & 1986, § 504 of the Rehabilitation Act of 1973,[2] § 402 of the Vietnam Veterans Readjustment Assistance Act of 1974,[3] and § 296 of the New York Executive Law. Essentially he claims that the defendants, his former employers, discriminated against him in retaliation for his having filed two previous complaints against them with the New York State Division of Human Rights alleging discrimination because of his Puerto Rican origins. Plaintiff also alleges that he was discriminated against due to physical disabilities; he claims to be legally blind and as a result of job conditions to have suffered back injuries. This discrimination allegedly manifested itself in plaintiff being denied the opportunity for two promotions, being denied sick leave with half pay, having his request for reassignment due to his injuries ignored, and being required to perform full duties when a reduced workload was called for. Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint for failure to state a claim upon which relief can be granted.

Addressing first the Title VII claim, defendants argue that the jurisdictional prerequisites have not been met.[4] Since on this issue both parties have submitted exhibits for the Court's consideration, this portion of the motion is treated as a motion for summary judgment.[5] The exhibits demonstrate that a charge was filed with the EEOC on July 12, 1974 and that a right to sue notice was issued on December 19, 1979.[6] This action was commenced precisely ninety days later, within the period required.[7] Defendants, however, point out that only one of the incidents of retaliation mentioned in the complaint, an incident occurring in January 1974,[8] took place during the 300-day period within which a charge must be filed with the EEOC.[9] However, since plaintiff alleges that this act was part of a continuing pattern of discrimination

1. 42 U.S.C. § 2000e–3.

2. 29 U.S.C. § 794.

3. 38 U.S.C. § 2012.

4. See Alexander v. Gardner-Denver Co., 415 U.S. 36, 37, 47, 94 S.Ct. 1011, 1014, 1019, 39 L.Ed.2d 147 (1974).

5. Fed.R.Civ.P. 12(b).

6. There is no explanation for this inordinate delay.

7. 42 U.S.C. § 2000e–5(f)(1).

8. Complaint ¶¶ 22–24. Although defendants did not mention it, a second incident allegedly occurring in April 1974 also took place within this period. Complaint ¶ 21.

9. The 300-day period is computed as follows: Section 706 of Title VII provides that, in a case such as this, when an alleged unemployment practice occurs in a political subdivision of a State and that State has a local law prohibiting the unlawful employment practice alleged and establishing a local authority to grant relief from such practice, no charge may be filed with the EEOC until, in this case, the expiration of sixty days after a written and signed statement of the facts upon which the proceeding is based is sent by registered mail to the appropriate state authority. 42 U.S.C. § 2000e–5(c). The EEOC sent a copy of this statement to the New York State Division of Human Rights on August 8, 1974, so presumably the first day the Division could have received it was August 9, 1974. Adding 61 days to this date, and then going back in time 300 days, the date after which an allegedly discriminatory act must have occurred to come within this jurisdiction period is December 13, 1973. See Mohasco Corp. v. Silver, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980).

beginning in June 1970,[10] several incidents of which are set forth in the complaint,[11] and since at least one act of this pattern is alleged to have occurred within the 300-day period, the entire pattern may be considered in this action.[12] Defendants' motion directed to plaintiff's claim of retaliation under Title VII thus is denied.

█ The remainder of plaintiff's claims, however, must be dismissed. Plaintiff fails to state a claim under § 402 of the Vietnam Veterans Readjustment Act because he has not alleged exhaustion of administrative remedies. This statute specifically sets forth an administrative remedy for breaches thereof, namely, that a complaint may be filed with the Veterans' Employment Service of the Department of Labor.[13] If a private right of action exists under the Act, therefore, an issue this Court need not address, it would arise only after this complaint has been filed. No such filing is alleged.

█ Defendant's claims under 42 U.S.C. §§ 1985(3) & 1986 and § 504 of the Rehabilitation Act are time-barred. Neither § 1985(3) nor § 504 has its own statute of limitations, so the most appropriate state statute of limitations should be applied.[14] In New York, the appropriate statute of limitations is the three-year period applied to actions created by statute under New York Civil Practice Law & Rule § 214(2).[15] Section 1986 has its own one-year statute of limitations. It is not disputed that plaintiff was terminated from his employment with defendants on October 29, 1976, more than three years before the filing of the complaint in this action on March 18, 1980. No new act of discrimination thus could have occurred within the limitations period for these claims, nor does the mere failure to rehire plaintiff toll the limitations period.[16] The claims thus are barred.

█ Finally, plaintiff's claim under § 296 of the New York Executive Law must be dismissed as premature. Plaintiff alleges that he filed charges of discrimination and retaliation before the New York State Division of Human Rights and that an investigation of these charges is still pending.[17] Subsection 9 of § 297 of the Executive Law contains an election of remedies provision that any person aggrieved by an unlawful discriminatory practice shall seek his remedy either in the appropriate court or before the State Division of Human Rights. Having elected to proceed before the Division, plaintiff is now precluded from pressing his claims under § 296 before this Court.[18]

Plaintiff's Title VII claim of retaliation thus is upheld; the remainder of his claims are dismissed.

So ordered.

---

**10.** Complaint ¶¶ 12–13.

**11.** Complaint ¶¶ 13–14.

**12.** *Association Against Discrimination in Employment, Inc. v. City of Bridgeport,* 647 F.2d 256 at 274–75 (2d Cir. 1981); *Guardians Ass'n of the New York City Police Dep't, Inc. v. Civil Service Comm'n of the City of New York,* 633 F.2d 232, 249–51 (2d Cir. 1980); *Acha v. Beame,* 570 F.2d 57, 65 (2d Cir. 1978).

**13.** 38 U.S.C. § 2012(b).

**14.** *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

**15.** *See, e. g., Meyer v. Frank,* 550 F.2d 726, 728 n.5 (2d Cir.), *cert. denied,* 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 90 (1977); *Reynolds v. Ross,* 79 Civ. 592 (N.D.N.Y. Feb. 17, 1981); *Paschall v. Mayone,* 454 F.Supp. 1289, 1293–94 (S.D.N.Y. 1978).

**16.** *Cf. United Air Lines, Inc. v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).

**17.** Complaint ¶¶ 25–26.

**18.** *State Div. of Human Rights v. Commission of N.Y.S. Dep't of Civ. Serv.,* 57 A.D.2d 699, 395 N.Y.S.2d 774, 775–76 (4th Dep't 1977).