Phillip E. BUTLER, Plaintiff,

v.

McDONNELL–DOUGLAS SAUDI ARABIA CORP., Defendant.

No. C–3–81–291.

United States District Court,
S. D. Ohio, W. D.

Dec. 30, 1981.

Steven M. Fitten, Dayton, Ohio, for plaintiff.

Robert J. Brown, Dayton, Ohio, Michael P. Burke, Bryan, Cave, McPheters & Roberts, St. Louis, Mo., for defendant.

## DECISION AND ENTRY ON PENDING MOTIONS; DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION SUSTAINED IN PART AND OVERRULED IN PART; PLAINTIFF'S MOTION TO AMEND COMPLAINT SUSTAINED; PLAINTIFF'S MOTION FOR LEAVE TO FILE MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SUSTAINED

RICE, District Judge.

This matter comes before the Court upon three motions, to wit:

1. Defendant's motion to dismiss the Plaintiff's complaint for lack of subject matter jurisdiction, pursuant to Fed.R. Civ.P. 12(b)(1), or, in the alternative, to grant Defendant summary judgment pursuant to Fed.R.Civ.P. 56;

2. Plaintiff's motion to amend the complaint; and

3. Plaintiff's motion for leave to file a memorandum in opposition to Defendant's motion summarized above.

The legal issues raised in these motions involve whether Plaintiff can assert a private right of action under § 402 of the Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 2012, as amended (hereinafter the "Assistance Act"), and whether he can bring suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* For the reasons set forth below, the motion to dismiss for lack of subject matter jurisdiction is sustained with respect to the § 402 claim, but overruled with respect to the Title VII claim. In addition, Plaintiff's motions, seeking leave of Court to file an amended complaint and to file a memorandum, are both sustained.

## I. FACTS

Plaintiff filed his original complaint in this Court, on a *pro se* basis, on June 1, 1981. According to the complaint, Plaintiff, a black male, is a disabled Vietnam Era Veteran within the meaning of the Assistance Act, and is qualified as an Aircraft Pneudraulic Systems Specialist. The complaint further alleges that Plaintiff applied in April of 1980, for a position in Defendant's "Peace Sun Program," in which Americans are sent to Saudi Arabia to service and maintain fighter aircraft, and that he was denied such a position on May 1, 1980, and again, a year later, despite his qualifications. Said denial, Plaintiff alleges, violated the published hiring procedure of the Defendant, as well as § 402 of the Assistance Act and Title VII. In addition to filing this suit, he also wrote letters of protest to Senators John Glenn and Howard Metzenbaum, who forwarded the complaints to the Office of Federal Contract Compliance Programs (OFCCP) of the United States Department of Labor. Finally, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), as a result of which the EEOC issued a "right to sue" letter on May 21, 1981. Both the Charge of Discrimination and the EEOC letter are attached as exhibits to the Plaintiff's Application for

Appointment of Counsel, filed on May 27, 1981.

The complaint prays for relief in lost wages and other compensatory and punitive damages, for reinstatement, costs, reasonable attorneys fees and such additional relief as this Court may deem justifiable. The complaint also attempts to invoke the jurisdiction of this Court pursuant to the "Federal Register . . .; Affirmative Action Requirements; . . . and Title VII."

## II. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION IS SUSTAINED IN PART AND OVERRULED IN PART

██ Defendant moves this Court to dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, to grant the Defendant summary judgment. It is clear, of course, that the original complaint does not contain an adequate jurisdictional statement. Mindful, however, that the allegations in a *pro se* complaint (as herein) are to be held to a less stringent standard than those drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), it is equally clear from the face of the complaint that the proper jurisdictional statutes to be pleaded are 28 U.S.C. § 1331 and 42 U.S.C. § 2000e–5(f). Treating the complaint as if said statutes had been pleaded, this Court finds it proper to rule on Defendant's motion as one to dismiss for lack of subject matter jurisdiction, rather than as a motion for summary judgment, since no Rule 56 materials (e.g., affidavits, depositions, etc.) are before this Court with respect to said motion.

██ In a motion to dismiss under Rule 12(b)(1), the Court must accept as true all well-pleaded allegations of the complaint. *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1034–35 (6th Cir. 1979). With this standard in mind, this Court now considers the reasons advanced in support of Defendant's motion.

### a. PRIVATE RIGHT OF ACTION UNDER § 402 OF THE ASSISTANCE ACT

██ Section 402 of the Assistance Act, as amended, provides, in pertinent part:

(a) Any contract in the amount of $10,000 or more entered into by any department or agency for the procurement of personal property and nonpersonal services (including construction) for the United States, shall contain a provision requiring that the party contracting with the United States shall take affirmative action to employ and advance in employment qualified special disabled veterans and veterans of the Vietnam era. The provisions of this section shall apply to any subcontract entered into by a prime contractor in carrying out any contract for the procurement of personal property and non-personal services (including construction) for the United States. In addition to requiring affirmative action to employ such veterans under such contracts and subcontracts in order to promote the implementation of such requirement, the President shall implement the provisions of this section by promulgating regulations which shall require that (1) each such contractor undertake in such contract to list immediately with the appropriate local employment service all of its suitable employment openings, and (2) each such local office shall give such veterans priority in referral to such employment openings.

(b) If any special disabled veteran or veteran of the Vietnam era believes any contractor of the United States has failed to comply or refused to comply with the provisions of the contractor's contract relating to the employment of veterans, the veteran may file a complaint with the Secretary of Labor, who shall promptly investigate such complaint and take appropriate action in accordance with the terms of the contract and applicable laws and regulations.

38 U.S.C. § 2012(a)–(b).

As previously noted, Plaintiff alleges, and Defendant does not contest, that he is a

statutorily defined "veteran" under this provision, and that the contract under which Plaintiff sought employment falls under this provision. Plaintiff further alleges that Defendant's failure to hire him violated the affirmative action requirements found in § 402. However, the provision, by its terms, only provides that the Secretary of Labor may take action to enforce the mandates of the provision. 38 U.S.C. § 2012(b). Hence, Plaintiff is seeking to *imply* a private right of action under the provision, since he is unable to bring suit in this Court within any *express* language of § 402.

Based on a recent series of Supreme Court decisions, the factors a court must consider in deciding whether to imply a private right of action under a statute are relatively clear. In *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), the Supreme Court set forth the following relevant factors: (1) whether the plaintiff is one for whose especial benefit the statute was enacted; (2) whether there is any indication of congressional intent to create a private remedy; (3) whether a private remedy is consistent with the legislative scheme; and (4) whether it would be inappropriate to infer a federal cause of action in an area traditionally relegated to state law. *Id.* at 78, 95 S.Ct. at 2087. The Supreme Court and the Sixth Circuit have emphasized that the second factor, legislative intent, is the most significant. *See, e.g., California v. Sierra Club*, 451 U.S. 287, 298, 101 S.Ct. 1775, 1781, 68 L.Ed.2d 101 (1981); *Transamerica Mortgage Advisors v.*

*Lewis*, 444 U.S. 11, 23–24, 100 S.Ct. 242, 249, 62 L.Ed.2d 146 (1979); *Gilman v. Federal Deposit Insurance Corp.*, 660 F.2d 688, 692 (6th Cir. 1981); *Amalgamated Transit Union v. Jackson Transit Authority*, 650 F.2d 1379, 1384 (6th Cir. 1981).

Whether a private right of action under § 402 should be implied, premised on the *Cort v. Ash* criteria, is apparently a matter of first impression. *Cf. Marin v. New York State Dep't of Labor*, 512 F.Supp. 353, 355 (S.D.N.Y.1981) (issue not reached since Plaintiff had not filed a complaint with the Secretary of Labor, pursuant to 38 U.S.C. § 2012(b)).[1] Applying the relevant criteria, this Court concurs with the Defendant's position and, therefore, holds that a private right of action cannot be implied under § 402. In reaching this conclusion, the Court notes that while Plaintiff has met the first and fourth *Cort v. Ash* factors, in that he is one for whose special benefit the statute was enacted and the matter is not one traditionally relegated to state law, he clearly fails in meeting the second and third factors, in that there is no indication of congressional intent to create a private remedy and such a private remedy would not be consistent with the legislative scheme.

At the outset, the Court points out that there *has* been substantial judicial discussion of whether a private right of action should be implied under § 503 of the Rehabilitation Act of 1973, 29 U.S.C. § 793, a provision very similar to § 402 of the Assistance Act.[2] *See, e.g., Davis v. United Air*

---

1. As set out in the facts, *supra*, Plaintiff herein filed a complaint with the OFCCP through the good offices of Senators Glenn and Metzenbaum. Hence, this Court need not decide if the *Marin* court was correct in holding that said filing is a prerequisite to setting forth a private right of action under the statute.

2. Section 503, as amended, provides that:
    (a) Any contract in excess of $2,500 entered into by any Federal department or agency for the procurement of personal property and nonpersonal services (including construction) for the United States shall contain a provision requiring that, in employing persons to carry out such contract the party contracting with the United States shall take

affirmative action to employ and advance in employment qualified handicapped individuals as defined in section 706(7) of this title. The provisions of this section shall apply to any subcontract in excess of $2,500 entered into by a prime contractor in carrying out any contract for the procurement of personal property and nonpersonal services (including construction) for the United States. The President shall implement the provisions of this section by promulgating regulations within ninety days after September 26, 1973.
    (b) If any handicapped individual believes any contractor has failed or refused to comply with the provisions of his contract with the United States, relating to employment of handicapped individuals, such individual may

*Lines, Inc.,* 662 F.2d 120, 121, 26 FEP Cases 1527, 1528 nn.2–6 (2d Cir. 1981) (citing numerous cases); *Hoopes v. Equifax, Inc.,* 611 F.2d 134 (6th Cir. 1979); *Anderson v. Erie L. Ry.,* 468 F.Supp. 934 (N.D.Ohio 1979). *See generally,* Note, *Implying a Cause of Action Under Section 503 of the Rehabilitation Act of 1973,* 79 Mich.L.Rev. 1093 (1981). While the issue has been resolved in dramatically opposite opinions in the federal courts (see cases cited in *Davis v. United Air Lines, supra),* the Sixth Circuit has held that *no* right of action can be implied under § 503. *Hoopes v. Equifax, Inc., supra.* Based on the similarities between § 402 and § 503, *see* footnote 2, *supra,* and on the applicable Sixth Circuit authority, this Court would be inclined, on those bases alone, to hold that no private right could be implied under § 402. However, an independent application of the *Cort v. Ash* factors to § 402 leads to the same conclusion.

The Court acknowledges that Plaintiff does meet the first and fourth *Cort v. Ash* factors. Unquestionably, the Assistance Act was enacted to aid disabled Vietnam era veterans, such as Plaintiff herein. Further, while Ohio statutes have granted veterans various types of preference in public and private employment, *see* O.R.C. § 5903.06; 55 O.Jur.2d *Veterans* (1963), the regulation of contracts between private employers and the *federal* government is not an area traditionally relegated to state law.

Nevertheless, Plaintiff clearly fails to meet the second and third *Cort v. Ash* factors, that is, concerning Congressional intent and the consistency of a private right of action with the existing legislative scheme. With respect to the second factor, there is no legislative history concerning the Congressional view of private enforcement of the Assistance Act. What little legislative history there is strongly suggests that, concurrent with the explicit provisions

of § 402 itself, the framers contemplated that the Secretary of Labor would oversee compliance with the Assistance Act. *See* S. Conf. Rep., No. 93–1240, 93rd Cong., 2nd Sess., *reprinted in* [1974] U.S. Code Cong. & Adm.News 6313, 6343–44. Given the explicit delegation of enforcement authority to the Secretary of Labor, it is doubtful that the Congressional authors of § 402 absentmindedly "forgot" to provide for another enforcement mechanism, that is, an independent right of action by private parties. *Transamerica Mortgage Advisors, Inc. v. Lewis, supra,* 444 U.S. at 21, 100 S.Ct. at 247; *Amalgamated Transit Union v. Jackson Transit Authority, supra,* 650 F.2d at 1385.

Similarly, implying a private right of action could conflict with the existing administrative scheme of enforcing § 402. As set forth above, the Secretary of Labor is required to enforce compliance with § 402, by investigating complaints filed by veterans eligible under the Assistance Act. 38 U.S.C. § 2012(b). Indeed, Congress explicitly placed responsibility for enforcement with the Secretary of Labor, to insure

> that the goals of the program . . . , will be achieved according to an orderly and effective timetable, backed up by an effective compliance mechanism.

\*    \*    \*    \*    \*    \*

> The Congress will be vigilant to ensure that the purposes and goals of this affirmative action program are vigorously pursued by the Labor Department.

S.Conf.Rep., *supra, reprinted in* [1974] U.S. Code Cong. & Adm.News 6344.

Moreover, the framers' contemplation of an "orderly and effective" compliance program is reflected in the proposed OFCCP regulations, which encourage efforts at "conciliation and persuasion," in order to obtain "compliance without con-

---

file a complaint with the Department of Labor. The Department shall promptly investigate such complaint and shall take such action thereon as the facts and circumstances warrant, consistent with the terms of such contract and the laws and regulations applicable thereto.

29 U.S.C. § 793.

The similarity between § 402 and § 503 is highlighted in the proposed regulations recently promulgated by the Secretary of Labor, which set out the same procedures to be followed by contractors in complying with *both* sections. § 60–1.1, 46 Fed.Reg. 42980 (1981).

tested litigation." §§ 60–1.60, 60–1.-68(e)(4), 46 Fed.Reg. 42988, 42990 (1981). *See also*, 41 C.F.R. § 60–250.28 (1979) (same). A proliferation of private suits, pursuant to § 402, could well make orderly compliance outside the courtroom impossible. Such regulations, issued by the Agency authorized to enforce the statute (as herein), must be given persuasive authority as to the proper interpretation to be given the Assistance Act. *Stewart v. Dollar Federal Savings & Loan Ass'n*, 523 F.Supp. 218, 221 (S.D.Ohio 1981).

Hence, the Plaintiff herein has failed to satisfy all four *Cort v. Ash* factors, including the most important factor, the presence of a Congressional intent to imply a private right or cause of action under § 402 of the Assistance Act. For this reason, the Court must, and hereby does, sustain the Defendant's motion to dismiss for lack of subject matter jurisdiction, with respect to the cause of action under § 402.

b. TITLE VII

In his complaint, Plaintiff also asserts a cause of action under Title VII. The Defendant's primary defense to this claim is the Plaintiff's asserted failure to comply with the procedural requirements of filing a Title VII suit (e.g., filing a Charge of Discrimination with the EEOC). As set out above in the statement of facts, Plaintiff did indeed comply with the filing requirements of Title VII, 42 U.S.C. § 2000e–5(e)–(f). For this reason, Defendant's motion to dismiss for lack of subject matter jurisdiction, with respect to the cause of action under Title VII, must be overruled.

## III. THE PLAINTIFF'S MOTION TO AMEND THE COMPLAINT IS SUSTAINED

Plaintiff seeks leave of this Court to amend his complaint in order to add a cause of action under 42 U.S.C. § 1981, and to set forth a class action claim pursuant to Fed.R.Civ.P. 23. Technically, Plaintiff need not seek leave to amend, since Defendant has not yet filed a responsive pleading (*i.e.*, an answer) to the complaint. Fed.R.Civ.P.

15(a). Moreover, it is error to deny such a request, where the party is permitted to amend his pleadings as a matter of course under the Civil Rules. *Williams v. AMF Incorporated*, 512 F.Supp. 1048, 1054 (S.D. Ohio 1981). For this reason, Plaintiff's motion to amend must be sustained.

## IV. THE PLAINTIFF'S MOTION, SEEKING LEAVE OF COURT, TO FILE A MEMORANDUM IS SUSTAINED

Defendant filed its motion herein on July 17, 1981. Plaintiff's original court appointed counsel was given until August 17, 1981, to file a memorandum contra said motion. (Doc. # 24). However, original counsel withdrew and present counsel was retained by Plaintiff on August 13, 1981. (Doc. # 27). Plaintiff's memorandum contra was filed on October 19, 1981, well in excess of the time limit for filing said memoranda, S.D.Ohio R. 4.0.2, and more than two months after Plaintiff informed this Court that he had retained present counsel. While, as a general rule, this Court will not countenance such delays, they are explainable in the case herein, due to Plaintiff's counsel conducting out-of-town trials until October 6, 1981 (Doc. # 32), and counsel only recently having been retained by Plaintiff. For these reasons, Plaintiff's motion to file said memorandum will be sustained. S.D.Ohio R. 3.5. The memorandum was considered by the Court in reaching the decision herein.

## V. CONCLUSION

To summarize, this Court's rulings on the pending motions are as follows:

1. Defendant's motion to dismiss for lack of subject matter jurisdiction is sustained in part, to the extent that the original complaint attempts to state a private right or cause of action under § 402 of the Assistance Act, and overruled in all other respects;

2. Plaintiff's motion to amend the complaint is sustained; and

3. Plaintiff's motion, seeking leave to file a memorandum, is sustained.

The parties listed below will take note that a status conference will be had in this Court's chambers at 4:15 p. m. on Thursday, January 14, 1982. Attorney Michael Burke need not attend this conference in person, but need only wait by his phone at the appointed time.

