Darlene E. RAGGI, Plaintiff,

v.

WEGMANS FOOD MARKETS, INC., James Kellman, Individually and as Manager (Supervisor) Wegmans Food Markets, Inc., Defendants.

No. CIV–90–6306.

United States District Court, W.D. New York.

Dec. 12, 1991.

Roy W. King, Rochester, N.Y., for plaintiff.

Michael A. Hausknecht, David P. Ford, Nixon, Hargrave, Devans & Doyle, Rochester, N.Y., for defendants.

### DECISION AND ORDER

TELESCA, Chief Judge.

### INTRODUCTION

Plaintiff, Darlene Raggi, filed this action on July 26, 1991, pursuant to § 504 of the

Federal Rehabilitation Act, 29 U.S.C. § 794, and the New York State Human Rights Law. Ms. Raggi alleges that she is a handicapped/disabled person within the meaning of the Rehabilitation Act and that the defendants discriminated against her on the basis of that handicap. She further alleges that the defendants discriminated against her in violation of New York State Human Rights Law.

The defendants now move to dismiss plaintiff's complaint, on the grounds that both Ms. Raggi's Rehabilitation Act claim and her State Human Rights claim are barred by the applicable statutes of limitations. Additionally, defendants argue that the State Human Rights claim is barred because plaintiff elected to pursue an administrative remedy instead of a judicial remedy. For the reasons discussed below, defendants' motion to dismiss the complaint is granted.

## BACKGROUND

Plaintiff was employed by Wegmans for approximately fifteen years as an Accounting Office Manager, until she was terminated on June 11, 1986. At the time she was fired, she was thirty-four years old. From approximately 1982 until 1986, plaintiff underwent various surgical procedures, including two operations to remove sections of her stomach. Plaintiff alleges that despite her health problems, she remained able to perform her job responsibilities, that she is handicapped within the meaning of the Rehabilitation Act, and that the defendants were aware of her handicap.

She further alleges that prior to her termination, several of defendant's employees made remarks that demonstrate their discriminatory intent. For example, she alleges that defendant James Kellman, the manager of the store in which she worked, remarked that Wegmans was footing the bill for the plaintiff's surgery, that she was a detriment to the company, and that Wegmans could reduce its payroll by firing plaintiff and hiring someone half her age.

Shortly after she was terminated, plaintiff filed a complaint with the State Division of Human Rights, charging the defendants with discriminatory employment practices. The Division made a finding of probable cause and commenced hearings on the charges, which continued until August 17, 1989. The Administrative Law Judge issued his recommended findings and decision on April 10, 1991. He dismissed plaintiff's complaint on the grounds that the defendants did not discriminate against plaintiff on the basis of either her age or disability. Plaintiff filed objections, and on May 29, 1991, the Commissioner issued a Notice of Order after Hearing, dismissing plaintiff's complaint. Plaintiff filed this action on July 26, 1991.

## DISCUSSION

A. *The Plaintiff's Rehabilitation Act Claim:*

1. The Most Appropriate Statute of Limitations:

■ Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides that

> [n]o otherwise qualified handicapped individual in the United States ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

29 U.S.C. § 794. The Rehabilitation Act does not, however, provide its own statute of limitations for actions brought pursuant to § 504. Under such circumstances, the court must "borrow" the most appropriate state statute of limitations. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct.1938, 1942, 85 L.Ed.2d 254 (1985); *Marin v. New York State Department of Labor,* 512 F.Supp. 353, 355 (S.D.N.Y.1981); *Andrews v. Consolidated Rail Corp.,* 831 F.2d 678, 683 (7th Cir.1987). Both parties agree that the court must look to New York State law to determine the most appropriate statute of limitations. They disagree, however, with respect to which of New York's several limitations provisions should apply.

Defendants urge the court to apply a three-year limitations period to plaintiff's Rehabilitation Act claim. Plaintiff, on the

other hand, argues that this court should apply New York's six-year limitation for contract actions, New York C.P.L.R. § 213(2).[1] Alternatively, plaintiff argues that the court should apply New York C.P.L.R. § 213(1), which provides that "an action for which no limitation is specifically prescribed by law," shall be commenced within six years.

In arguing that the court should apply C.P.L.R. § 213(2) to her Rehabilitation Act claim, the plaintiff focuses on the phrase "most appropriate limitations period." She alleges that defendants terminated her employment because she was handicapped, despite the fact that her handicap did not interfere with her job responsibilities. Thus, plaintiff argues that her claim is most closely analogous to an action for breach of implied contract, and that the six-year limitations period is the one which most closely addresses plaintiff's claims.

■ Alternatively, plaintiff claims that C.P.L.R. § 213(1) should apply because a claim pursuant to the Rehabilitation Act is an "action for which no limitation is specifically prescribed by law." New York C.P.L.R. § 213(1). In other words, plaintiff reasons that section 213(1) is the limitations period which would best apply to her Rehabilitation Act claim. Although plaintiff's arguments are logical and somewhat appealing, this court concludes that existing Second Circuit *dicta*, together with the Supreme Court's reasoning with respect to similar statute of limitations issues, dictates that New York's three-year statute of limitations for personal injury actions should govern plaintiff's claim.

Several district courts have held that a three-year limitations period should be applied to Rehabilitation Act claims.[2] *Marin,* 512 F.Supp. at 355; *McGuire v. Switzer,* 734 F.Supp. 99, 104 n. 2 (S.D.N.Y.1990); *Fiesel v. Board of Education of the City of New York,* 490 F.Supp. 363, 365

(E.D.N.Y.1980), *aff'd,* 675 F.2d 522 (2d Cir. 1982); *Reilly v. New York City Transit Authority,* 1985 WL 3954, at 3 (S.D.N.Y.1985). Moreover, the Second Circuit has, at least in *dicta,* indicated that Rehabilitation Act claims are most likely subject to a three-year statute of limitations. *Fleming v. New York University,* 865 F.2d 478, 481–82 (2d Cir.1989).

The Court of Appeals did not reach the statute of limitations issue in *Fleming* because the appellant failed properly to raise the question below. The *Fleming* court did, however, comment that

[i]n *Wilson v. Garcia,* the [United States Supreme] Court held that suits brought under § 1983 ought to be governed by the limitations period provided by state statute for personal injury actions. In *Goodman v. Lukens Steel Co.,* the Court extended *Wilson* to claims under § 1981, and *specifically rejected an argument ... that a six-year statute of limitations for interference with contractual relationships was more appropriate.* Whether this analysis should be extended ... to statutes like § 504 of the Rehabilitation Act of 1973 remains an open question. *Goodman,* however, in characterizing discrimination claims as a "fundamental injury to the individual rights of a person" and thus akin to personal injury actions, seems to suggest an affirmative answer.

*Fleming,* 865 F.2d at 481–82, n. 1 (emphasis added) (citations omitted).

As the Second Circuit suggests, the reasoning advanced by the Supreme Court in applying state limitations periods governing personal injury actions to other discrimination statutes is compelling. For example, in determining that a state's statute of limitations for personal injury actions should be applied to all cases arising under 42 U.S.C. § 1983, the Supreme Court recog-

---

**1.** New York C.P.L.R. § 213(2) provides that "an action upon a contractual obligation or liability, express or implied, ..." shall be commenced within six years.

**2.** Some of these courts have held that New York C.P.L.R. 214(2), governing actions "to recover upon a liability, penalty or forfeiture created or

imposed by statute ...," is the most appropriate limitations period under New York law. The Second Circuit has, however, questioned the applicability of that particular provision. *Fleming v. New York University,* 865 F.2d 478, 481–82 (2nd Cir.1989).

nized that § 1983 is a broad remedial statute which encompasses many types of claims and many different factual scenarios. *Wilson,* 105 S.Ct. at 1945. As the *Wilson* Court noted, lower courts that have based their choice of a limitations period on the particular factual circumstances of each case have found "that their approach inevitably breeds uncertainty and time-consuming litigation that is foreign to the central purposes of § 1983." *Id.; see also Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 577, 102 L.Ed.2d 594 (1989) ("[t]he practice of seeking state law analogies for particular § 1983 claims bred confusion and inconsistency in the lower courts...."). Thus, the Supreme Court has concluded that, in the interest of clear and consistent rules, the Court should "select, in each State, the one most appropriate statute of limitations for *all* § 1983 claims." *Wilson,* 105 S.Ct. at 1947 (emphasis added); *see also Goodman v. Lukens Steel Co.,* 482 U.S. 656, 107 S.Ct. 2617, 2620–21, 96 L.Ed.2d 572 (1987) (extending this reasoning to claims brought pursuant to § 1981).

■ In choosing the most appropriate limitations period for § 1983 and § 1981 actions, the Supreme Court has focused on Congress' policies and goals in enacting the statutes, as well as the statutes' broad remedial nature. *See Wilson,* 105 S.Ct. at 1947–49; *Goodman,* 107 S.Ct. at 2621. Explicitly rejecting the petitioner's argument that a six-year limitations period for contract actions was most appropriate in a § 1981 action, the *Goodman* Court reasoned that § 1981

> has a much broader focus than contractual rights. The section speaks not only of personal rights to contract, but personal rights to sue, to testify, and to equal rights under all laws for the security of persons and property.... It is thus part of a federal law baring racial discrimination, which ... is a fundamental injury to the individual rights of a person.... That § 1981 has far-reaching economic consequences does not change this conclusion, since such impact flows from guaranteeing the *personal right* to engage in economically signifi-

cant activity free from racially discriminatory interference.

*Goodman,* 107 S.Ct. at 2621 (emphasis added). Similarly, the *Wilson* Court reasoned that, in light of the violence and other atrocities which prompted Congress to enact § 1983, "Congress unquestionably would have considered the remedies established in the Civil Rights Act to be more analogous to tort claims for personal injury than, for example, to claims for damages to property or breach of contract." *Wilson,* 105 S.Ct. at 1947. Thus, the Supreme Court has concluded that state statutes of limitations governing personal injury actions best encompass the fundamental nature of both § 1983 and § 1981 actions. *Wilson,* 105 S.Ct. at 1947; *Goodman,* 107 S.Ct. at 2621.

In the matter presently before this court, the plaintiff implicitly argues that a fact-based analysis is a suitable approach to determining the limitations period most appropriate to her Rehabilitation Act claim. The *Wilson* and *Goodman* Courts' reasoning, rejecting a case-by-case approach to statute of limitations questions is, however, equally applicable to claims advanced pursuant to § 504 of the Rehabilitation Act.

The purpose of § 504 is to "prohibit[ ] discrimination, exclusion or denial of benefits to otherwise qualified handicapped individuals ..." 1973 U.S.Cong. & Admin.News, at 2143. Thus, although § 504 does not bar *race-based* discrimination, it has the same type of broad, remedial goals as sections 1981 and 1983. Like those two statutes, claims made pursuant to § 504 encompass a wide variety of factual scenarios. *E.g., Poole v. South Plainfield Board of Education,* 490 F.Supp. 948, 951 (D.N.J. 1980) (athletic participation in school); *New York State Association for Retarded Children, Inc. v. Carey,* 466 F.Supp. 487 (D.C.N.Y.1979) (public school health restrictions); *Jacobson v. Delta Airlines, Inc.,* 742 F.2d 1202, 1205, 1208 (9th Cir.1984) (public transportation). Section 504 claims thus have "a much broader focus than contractual rights." *See Goodman,* 107 S.Ct. at 2621. Assigning a particular limitations period to each Rehabilitation Act claim because of its factual background would no

doubt result in the same type of confusion and inconsistency that the Supreme Court criticized in *Wilson* and *Goodman*.

Every Rehabilitation Act claim does, however, have a common theme—an allegation that the plaintiff suffered discrimination solely because of his or her physical or mental handicap. The Supreme Court has suggested in both *Wilson* and *Goodman*, that the discrimination barred by 42 U.S.C. § 1983 and § 1981 results in a violation of *individual* or *personal* rights. *Goodman*, 107 S.Ct. at 2621; *Wilson*, 105 S.Ct. at 1948. The discrimination forbidden by § 504, although addressing a different bias, is of similar character as that outlawed in sections 1983 and 1981 and thus is also appropriately characterized as "conferring a general remedy for injuries to personal rights." *See Goodman*, 107 S.Ct. at 2621. Accordingly, this court concludes that New York's three-year statute of limitations for personal injury actions, New York C.P.L.R. § 214(5), "most appropriately" governs the plaintiff's Rehabilitation Act claim.

### 2. Tolling the Statute of Limitations:

■ Plaintiff argues that if this court applies a three-year statute of limitations, it should toll that limitations period during the time that she was pursuing her state administrative claim. As discussed above, the Rehabilitation Act provides neither a statute of limitations nor rules for tolling that limitations period. *See supra* at 706–707; *see also* 29 U.S.C. § 504. Where the court has "borrowed" the statute of limitations from New York State law, it must also apply New York State tolling provisions. *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980).

As the *Tomanio* Court noted, New York has codified the limitations periods for actions as well as the circumstances under which those limitations periods can be tolled. *Id.* 100 S.Ct. at 1796; New York C.P.L.R. § 201, *et seq.* Section 201 sets forth the general principle that "an action ... must be commenced within the time specified in this article unless a different time is prescribed by law or a shorter time is prescribed by written agreement. *No court shall extend the time limited by law for the commencement of an action.*" New York C.P.L.R. § 201 (emphasis added); *see also Tomanio*, 100 S.Ct. at 1796.

"No section of [New York] law provides, however, that the time for filing a cause of action is tolled during the period in which a litigant pursues a related, but independent cause of action." *Tomanio*, 100 S.Ct. at 1796. This is exactly what the plaintiff requests the court to do. There is no dispute that plaintiff diligently pursued her administrative remedies under New York State Human Rights Law. Nevertheless, neither federal nor New York law requires her to exhaust her state law claims before filing a Rehabilitation Act claim in federal court. *See Andrews*, 831 F.2d at 684. The Rehabilitation Act and New York Human Rights Law provide completely independent grounds for plaintiff's claim of discrimination, and she was entitled to pursue both simultaneously if she so desired. Accordingly, no tolling provision exists which would extend the three-year limitations period.

■ Plaintiff's "failure to comply with the New York statute of limitations, therefore, precludes maintenance of this action unless New York's tolling rule is 'inconsistent' with the policies underlying" the Rehabilitation Act. *See Tomanio*, 100 S.Ct. at 1796. This court finds no inconsistency between the New York tolling provisions and the goals of the Rehabilitation Act. Like 42 U.S.C. § 1983, the Rehabilitation Act was designed to protect a certain class of individuals from invidious discrimination. *Compare Wilson*, 105 S.Ct. at 1947–48, *with* 1973 U.S.Cong. & Admin.News, at 2143. The *Tomanio* Court, after carefully weighing the policies behind § 1983 and the New York State limitations and tolling provisions, concluded that those provisions were not inconsistent with the federal statute. *Tomanio*, 100 S.Ct. at 1797–98. I conclude that the *Tomanio* Court's reasoning should also apply to claims brought

pursuant to § 504 of the Rehabilitation Act.[3]

Plaintiff's employment was terminated on June 11, 1986. She filed this action on July 26, 1991, more than three years after her cause of action accrued. Accordingly, plaintiff's Rehabilitation Act claim is time-barred.

**B.** *Plaintiff's New York Human Rights Law Claim:*

In her second cause of action, brought pursuant to this court's supplemental jurisdiction, plaintiff alleges that the defendants' actions violated New York State Human Rights Law. 28 U.S.C. § 1367(a); *See* Complaint, ¶¶ 1, 26–29. Defendants move to dismiss plaintiff's second cause of action on the grounds that it is barred both by the statute of limitations and by plaintiff's election of remedies. This court need not reach either of the defendants' arguments because it declines to exercise supplemental jurisdiction over plaintiff's state law claim.

Section 1367(c) provides in relevant part that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction...." 28 U.S.C. § 1367(c)(3). Here, plaintiff brings two claims—one grounded in federal law and one pursuant to state law. This court has dismissed plaintiff's federal claim as time-barred. Accordingly, plaintiff's state law claim—over which the court has no original jurisdiction—is dismissed pursuant to § 1367(c)(3).

## CONCLUSION

For the reasons discussed above, plaintiff's Rehabilitation Act claim is barred by New York's statute of limitations for personal injury actions, New York C.P.L.R. § 214(5), and is hereby dismissed. In light of the fact that this court has dismissed "all claims over which it has original juris-

diction," plaintiff's state Human Rights law claim is also dismissed.

ALL OF THE ABOVE IS SO ORDERED.

---

**3.** Despite this conclusion, I am compelled to note that Congress' failure to provide a clear, definite statute of limitations for Rehabilitation

Act claims has resulted in confusion and ultimately, a frustration of Congressional intent.