**Jerry COLEMAN, Plaintiff,**

**v.**

**James E. O'GRADY, a former Sheriff of Cook County and Jerome T. Casserly, Director of Inspections and Internal Affairs Division of the Sheriff of Cook County, Defendants.**

**No. 91 C 2517.**

United States District Court, N.D. Illinois, E.D.

Oct. 6, 1992.

...

William J. Holloway, Hinshaw & Culbertson, Harry D. Lavery, Berger, Newmark & Fenchel, P.C., William F. Lloyd, Sidley & Austin, Charles Robert McKirdy, Rudnick & Wolfe, Arthur Gary Simon, Dannen, Crane, Heyman & Simon, James Merle Childs, Jr., Childs, Myers & Willis, Chicago, Ill., for plaintiff.

Jerry Coleman, pro se.

Karen J. Dimond, Cook County State's Attorney's Office, Joan T. Agnew, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is defendants' motion to dismiss the plaintiff's complaint, which alleges termination of plaintiff's employment in violation of 42 U.S.C. § 1983. For the reasons stated below, the defendants' motion is granted.

## FACTS

Plaintiff Jerry Coleman (Coleman) was employed as a deputy sheriff of Cook County, Illinois, beginning in 1978. Coleman was arrested by the Chicago police on May 17, 1986, for the offense of assault. The Sheriff of Cook County and the Director of Inspections and Internal Affairs Division of Cook County (collectively "defendants") proceeded to investigate the May 17 incident. On December 1, 1986, defendants ordered that Coleman be suspended for twenty-nine days as a result of the investigation. Although Coleman was ultimately found not guilty of the assault charge, he was nevertheless terminated from his position on April 21, 1987.

On August 3, 1988, Coleman filed a complaint in the Chancery Division of the Circuit Court of Cook County seeking an administrative review by the Cook County Sheriff's Merit Board (the "Merit Board"). That complaint was dismissed on the ground that, contrary to his allegations, Coleman had not been terminated by the Merit Board. Thereafter, Coleman filed a first amended complaint alleging that his termination without a Merit Board hearing was wrongful under Illinois law and was in violation of his rights under the due process clause of the Fourteenth Amendment of the Constitution. Under Illinois common law, civil service employees who seek to compel reinstatement and payment of back salaries after an allegedly illegal discharge are required to institute an action within six months of termination. Because Coleman failed to comply with this rule, his action was dismissed with prejudice on the ground of latches. The circuit court's decision was upheld on appeal to the Illinois Appellate Court, and on April 3, 1991 the Supreme Court of Illinois denied Coleman's petition for leave to appeal.

The instant case, in which Coleman restates his claim under 42 U.S.C. § 1983 for alleged wrongful termination of employment, was filed with this court on May 9, 1991. Defendants have filed a motion to dismiss, asserting that Coleman's claim is barred by a two-year statute of limitations. Coleman concedes that the applicable statute of limitations for § 1983 claims is the state period for personal injury torts, which in Illinois is two years. Coleman argues, however, that he was required, pursuant to the law of this jurisdiction, to exhaust his state and administrative remedies prior to pursuing this cause of action and that Coleman's proceedings in the state courts tolled the applicable two-year limitation period.

## DISCUSSION

On a motion to dismiss, all well-pleaded factual allegations are taken as true. *Johnson v. Martin*, 943 F.2d 15, 16 (7th Cir.1991); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). All reasonable inferences to be drawn from those allegations are also accepted as true. *Meriwether v. Faulkner*, 821 F.2d 408, 410 (7th Cir.), *cert. denied*, 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). The complaint need not specify the correct legal theory

nor point to the right statute. *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir.1992). The court must construe the pleadings liberally, and mere vagueness or lack of detail alone does not constitute sufficient grounds to dismiss a complaint. *Strauss v. Chicago*, 760 F.2d 765, 767 (7th Cir.1985). Furthermore, *pro se* complaints are to be liberally construed, and *pro se* civil rights complaints may be dismissed only "if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief." *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 378 (7th Cir.1988).

■ Coleman was terminated from employment in April of 1987 and filed the instant action on May 9, 1991, *pro se*, alleging § 1983 civil rights violations. As mentioned, the applicable statute of limitations period for § 1983 wrongful termination actions is two years. Ill.Rev.Stat., ch. 110, § 13–202; *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276 (7th Cir.1989); *See also Farrell v. McDonough*, 966 F.2d 279, 282 (7th Cir.1992) (affirming continued application of two-year limitation period to § 1983 actions in Illinois); *Pearson v. Gatto*, 933 F.2d 521, 525 n. 3 (7th Cir.1991) (expressly reaffirming two-year statute of limitations for § 1983 claims arising in Illinois). Coleman has proposed, as an excuse to the untimeliness of the present cause, that this jurisdiction requires the exhaustion of state and administrative remedies prior to filing a § 1983 claim in federal court. Coleman's proposition, however, is untenable given the Supreme Court decision in *Patsy v. Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); *see also Wilwording v. Swenson*, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971) (plaintiff not required to exhaust state remedies in § 1983 claim). In *Patsy*, the Supreme Court, after extensive analysis of the legislative history of the Civil Rights Act of 1871, found that 42 U.S.C. § 1983 contains no requirement that a litigant must exhaust state remedies. 457 U.S. at 507, 102 S.Ct. at 2563. The exhaustion of state judicial or administrative remedies is required on some occasions (e.g., exhaustion in the habeas corpus statute, 28 U.S.C. § 2254(b)); however, under the *Patsy* doctrine, a plaintiff may bring a collateral attack on a state administrative procedure in federal court for violation of due process. *See New Orleans Public Service, Inc. v. Council of New Orleans*, 491 U.S. 350, 356–60, 109 S.Ct. 2506, 2511–14, 105 L.Ed.2d 298 (1989) (discussing the areas in which federal court abstention is permissible); *Markowski v. Edgar*, 726 F.Supp. 1128 (N.D.Ill.1989) (plaintiff not required to exhaust state administrative or judicial remedies to challenge state administrative procedures on constitutional grounds). Following the reasoning of *Patsy* and its progeny, Coleman could have brought his complaint, alleging defendants' violation of his due process rights, in federal court within the applicable two year limitation period.

■ Although Coleman has filed the instant complaint more than two years after the cause of action arose, he invites the court to decide that the time-for-suit period has not lapsed. Coleman bases his position on the premise that the pursuit of administrative and state court remedies tolls the applicable statute of limitations with respect to a § 1983 cause of action. Congress did not establish a body of tolling rules applicable to actions brought in federal court under § 1983. When such a void in federal statutory law occurs, federal courts have repeatedly "borrowed" the state laws governing an analogous cause of action. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *O'Sullivan v. Felix*, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914). Coleman has not identified any state rule which would toll the statute of limitations applicable to a § 1983 claim, nor has Coleman presented any evidence that the issue in this case is subject to equitable tolling or equitable estoppel. *See Smith v. City of Chicago Heights*, 951 F.2d 834 (7th Cir.1992) (equitable tolling applicable only where plaintiff is unable to obtain vital information bearing on claim and equitable estoppel applicable only where defendant takes active steps to prevent plaintiff from suing). Furthermore, because the congressional remedy for § 1983 violations does not require prior resort to state proceedings, the theory that Congress wished to hold open the independent federal remedy

during any time period necessary to pursue alternative state-court remedies cannot be assumed. *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).

No federal rule or policy prohibited Coleman from instituting the present action within the applicable two-year limitation period, and Coleman has not presented any state laws or overriding federal interests in support for his tolling theory. Accordingly, the court finds that Coleman's federal civil rights claim should have been instituted on or before April 21, 1989 and is thus time barred.

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is granted.

IT IS SO ORDERED.