**Deanna CHEENEY, Plaintiff,**

v.

**HIGHLAND COMMUNITY COLLEGE, Defendant.**

No. 93 C 20015.

United States District Court,
N.D. Illinois, W.D.

April 27, 1993.

Brian P. Reese, Reese & Reese, Rockford, IL, for plaintiff.

Peter D. McClanathan, Schmelzie & Kroeger, Freeport, IL, for defendant.

## ORDER

REINHARD, District Judge.

### INTRODUCTION

Plaintiff, Deanna Cheeney, filed a one-count complaint against defendant, Highland Community College, seeking monetary and injunctive relief as well as attorney fees for defendant's alleged discrimination based on her handicapped condition. Plaintiff asserts jurisdiction under section 504 of the Rehabilitation Act of 1973 (Act), 29 U.S.C. § 794. Defendant moves to dismiss the complaint based on the applicable two-year statute of limitations.

### FACTS

According to plaintiff's complaint, she was enrolled in defendant's nursing program from Fall 1987 to Fall 1990. Plaintiff suffered from a handicap within the meaning of section 7(8)(B) of the Act. *See* 29 U.S.C. § 706(8)(B).[1] Defendant knew of plaintiff's handicap and regarded her as having an impairment. During her enrollment, she received excellent grades and good reviews of her clinical performance. She successfully fulfilled the program requirements as an otherwise qualified handicapped person.

Plaintiff alleges that defendant discriminated against her in one or more of the following ways: (1) singled her out for educational interrogation over course materials which other students were not questioned about in an effort to fabricate pretextual grounds for dismissing her from the program; (2) failed to consider her proven ability to fulfill the program requirements as an otherwise qualified person; (3) dismissed her three weeks before her completion of the program on November 18, 1990, based upon pretextual grounds of incompetence and unsafe performance; and (4) wilfully and inten-

---

1. Plaintiff describes herself as suffering from a history of lupus, a chronic illness that physically and mentally impaired her ability to conduct major life activities. Lupus is a slowly progressive systemic disease of unknown origin which can prove fatal. *See Thompson v. United States,* 642 F.Supp. 762, 763 (N.D.Ill.1986). She also experienced a brief episode of depression in September 1990.

tionally disregarded her statutory rights by dismissing her from the program solely because of her handicap.

## CONTENTIONS

Defendant maintains that plaintiff's complaint must be dismissed because it was filed more than two years [2] after the latest date of the alleged discrimination (November 18, 1990, the date she was discharged from the program). Plaintiff does not contest the applicability of the two-year statute of limitations. However, she responds that on December 17, 1990, she filed a claim of discrimination with the Illinois Department of Human Rights which effectively tolled the statute of limitations.[3]

## DISCUSSION

In reviewing a motion to dismiss, all well-pleaded allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. *Dimmig v. Wahl,* 983 F.2d 86, 87 (7th Cir.1993). The court will not dismiss a complaint unless it is clear there is no set of facts a plaintiff would prove consistent with the pleadings that would entitle him or her to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *Murphy v. Lane,* 833 F.2d 106, 107 (7th Cir.1987).

Congress did not establish a statute of limitations nor any tolling rules applicable to a proceeding under section 504 of the Act. *See Raggi v. Wegmans Food Markets, Inc.,* 779 F.Supp. 705, 709 (W.D.N.Y.1991); *see also Bush,* 990 F.2d at 933 (Act contains no statute of limitations); *Andrews v. Consolidated Rail Corp.,* 831 F.2d 678, 683 (7th Cir.1987) (section 504 contains no statute of limitations provision). In such a case, the district court must borrow the applicable state statute of limitations. *Bush,* 990 F.2d at 933; *see also Board of Regents of the Univ. of the State of New York v. Tomanio,*

446 U.S. 478, 483, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980) (applicable statute of limitations in action pursuant to 42 U.S.C. § 1983 is that of state). The *Tomaia* court held, in the context of a section 1983 action, that the federal court is not only obligated to look to a particular state's statute of limitations, but also to its rules for tolling the applicable statute of limitations, if any. *Tomanio,* 446 U.S. at 483, 100 S.Ct. at 1794–95; *see also Hardin v. Straub,* 490 U.S. 536, 538–44, 109 S.Ct. 1998, 2000–03, 104 L.Ed.2d 582 (1989) (state's tolling provision not necessarily in conflict with purpose of section 1983). One court has applied the *Tomanio* holding to an action under section 504 of the Act. *See Raggi,* 779 F.Supp. at 709.

Because the Act does not set forth its own statute of limitations and tolling provisions, and because the Seventh Circuit has concluded that Illinois' two-year personal injury statute of limitations applies to the claim before the court, the court must look to the applicable Illinois tolling provisions, if any, to decide whether plaintiff will be spared the impact of her having filed her claim beyond the two-year statute of limitations. Plaintiff has not referred to any applicable Illinois statutory tolling provision, nor does this court find any Illinois tolling provision applicable to its two-year statute of limitations which would toll the time for plaintiff to have filed her claim under these circumstances.

Furthermore, the Act did not require plaintiff to seek administrative relief in the state court before filing her action here. *See Raggi,* 779 F.Supp. at 709; *see also Andrews,* 831 F.2d at 684 (plaintiff not required to exhaust her federal administrative remedies under section 503 before bringing suit under section 504). This is compelling. If plaintiff were required to first seek administrative relief, be it state or federal, before commencing her federal cause of action, it would be unfair to allow the statute of limitations to

---

**2.** Defendant asserts that the applicable statute of limitations under Illinois law is two years, citing *Bush v. Commonwealth Edison Co.,* 732 F.Supp. 895 (N.D.Ill.1990). *Bush* was recently affirmed by the Seventh Circuit. *See Bush v. Commonwealth Edison Co.,* 990 F.2d 928 (7th Cir.1993). The Seventh Circuit, noting that the Act contains no statute of limitations, held that Illinois' two-

year statute of limitations governing personal injury suits was applicable. *Bush,* 990 F.2d at 933.

**3.** According to plaintiff, her claim before the Illinois Department of Human Rights is still pending.

run while the administrative proceeding progressed. This is not the case under the Act, however, as plaintiff was free to file her federal suit without ever going before the Illinois Department of Human Rights.[4]

Plaintiff argues, relying on *Hutchings v. Erie City and County Library Bd. of Directors,* 516 F.Supp. 1265 (W.D.Pa.1981), that the statute of limitations should be tolled during the pendency of her action before the Illinois Department of Human Rights. Plaintiff's reliance on *Hutchings* is misplaced for several reasons. First, the district court in *Hutchings* initially concluded that the plaintiff's action under section 504 was not barred by the Pennsylvania statute of limitations as it determined that the longer statute of limitations governing contract actions applied rather than the shorter limitation provision applicable to personal injury actions. *Hutchings,* 516 F.Supp. at 1270–71. Thus, the court's subsequent discussion of whether the shorter limitation period was tolled was *dicta.* Second, *Hutchings* is distinguishable because the plaintiff there had sought administrative remedies provided for in the Act itself rather than a state remedy not connected to nor contemplative of the Act. Third, the *Hutchings* decision was premised in large part on that court's opinion that while exhaustion of those federal administrative remedies is not a prerequisite to a federal suit, it is an option to be encouraged. *See Hutchings,* 516 F.Supp. at 1271. Whether this court agrees or not with the need to encourage plaintiffs to first seek federal administrative remedies under the Act, it is evident that there is no commensurate need to do so in the context of state remedies.[5] While the Act provides an administrative remedies option pursuant to section 503, it is completely silent as to any state administrative or judicial remedies. This court is un-

persuaded by the reasoning and applicability of *Hutchings.*

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted.

---

4. Because the remedy under § 504 does not require a plaintiff to first resort to state proceedings, it cannot be assumed that Congress wished to hold open the federal remedy during any time period necessary to pursue alternative state remedies. *Cf. Coleman v. O'Grady,* 803 F.Supp. 226, 228–29 (N.D.Ill.1992) (cannot assume Congressional intent to toll applicable § 1983 statute of limitations pending state court proceedings).

5. This court notes that the *Hutchings* court recognizes a division of authority as to whether

exhaustion of federal administrative remedies is a prerequisite to judicial relief under § 504. Even if there is such a requirement, it does not detract from this court's conclusion. A requirement that a plaintiff exhaust administrative remedies under § 503 prior to proceeding under § 504 does not necessarily compel the same rule of exhaustion as to state court remedies, especially when such state remedies are merely optional.