993 F.2d 1549
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph W. DOUGHERTY, Plaintiff-Appellant,
v.
John L. CLARK, R.E. Holt, M.A. McElmurry, and Rick Ellet,
Defendants-Appellees.
 No. 91-3344.
 United States Court of Appeals, Seventh Circuit.
 Argued April 9, 1993.
Decided May 17, 1993.
 
 Before BAUER, Chief Judge, and POSNER, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Joseph W. Dougherty, an inmate at the federal prison in Marion, Illinois, brought this suit pursuant to 28 U.S.C. § 2241 for alleged violations of his First Amendment right to petition the government for redress of his grievances. The alleged violators are John L. Clark, R.E. Holt, M.A. McElmurry, and Rick Ellet. Clark is the Warden of the prison, Holt is an associate warden, McElmurry is a unit manager, and Ellet is a counselor at the prison. The district court dismissed Dougherty's complaint. We reverse.
 
 I.
 
 2
 Dougherty's complaint alleges the following facts. On March 16, 1990, Rick Ellet charged Dougherty with violating the prison's safety and sanitation rules and with insolence. Five days later, on March 21, 1990, Dougherty appeared before a Discipline Hearing Officer ("DHO") and denied the charges. He also submitted a written statement in which he claimed that Ellet deliberately fabricated the charges against him and engaged in extortion against the prisoners in his charge in violation of 18 U.S.C. § 872. The DHO found Dougherty guilty of insolence and recommended that he be removed from the prison's pre-transfer program. The pre-transfer program is a program that eventually leads to prisoners being transferred to more favorable, lower-security prisons.
 
 
 3
 Dougherty notified Clark of his complaint against Ellet and asked Clark to investigate Ellet for illegal acts of extortion. The complaint does not say whether Clark investigated Ellet, but, instead, alleges that Clark promulgated a policy of retaliatory punishment against all prisoners who attempted to file administrative remedy complaints. Dougherty complains that this policy served as a retaliatory punishment for his decision to exercise his constitutional right to petition the courts, and thereby infringed upon his First Amendment rights. Dougherty attached affidavits of several of his fellow prisoners that supported his claim that Ellet threatened the prisoners with removal from the pre-transfer program if they filed too many administrative complaints.
 
 
 4
 The district court found Dougherty's complaint frivolous and dismissed it pursuant to 28 U.S.C. § 1915(d).
 
 II.
 
 5
 We review the district court's decision to dismiss Dougherty's complaint de novo and accept all facts alleged in the complaint as true. Dimmig v. Wahl, 983 F.2d 86, 87 (7th Cir.1993).
 
 
 6
 This case is analogous to our decision in Cain v. Lane, 857 F.2d 1139 (7th Cir.1988). There, as here, the plaintiff was a prisoner who alleged that prison officials conspired to harass and retaliate against him because he exercised his constitutional rights. Id. at 1142. We reversed the district court's summary judgment decision in favor of the defendants and remanded the case for further proceedings to determine whether his claim merited a trial. Significantly, we held that the plaintiff's complaint stated a cause of action by alleging that the defendants " 'conspired ... to harass [the plaintiff] solely because [he] attempted to bring about [ ] nonviolent [ ] changes of the inhumane and unconstitutional conditions which existed ... within [the prison], thereby subjecting [the plaintiff] to cruel and unusual punishment.' " Id. at 1143 (quoting plaintiff's complaint).
 
 
 7
 Similarly, Dougherty has alleged that Clark, Holt, McElmurry, and Ellet conspired to intimidate, threaten, and retaliate against him because he made administrative complaints. Dougherty's supporting affidavits unanimously endorse his claims.
 
 
 8
 It is not enough that Dougherty was given a hearing before the DHO. We considered and rejected the same claim in Cain and held that such proceedings "may be invalidated by evidence that they were retaliatory in nature." Id. at 1145. We also stated that "[i]f the district court finds on remand that the prison administrators disciplined Cain in retaliation for his constitutionally protected speech, this would invalidate [the prison's administrative] proceedings despite compliance with due process requirements." Id.
 
 
 9
 In this case, Dougherty has alleged that Ellet charged Dougherty with violations of prison rules in retaliation for Dougherty's exercise of his First Amendment rights. Even if his hearing before the DHO was sufficient to satisfy the requirements of due process, the hearing violated Dougherty's First Amendment rights under Cain if the proceedings were retaliatory in nature. We express no opinion on the ultimate outcome of this case, but decide only that Dougherty has alleged enough to state a valid cause of action against Clark, Holt, McElmurry, and Ellet.
 
 III.
 
 10
 On remand, we recommend that the district court consider appointing counsel to represent Dougherty in this action. The district court's decision to dismiss Dougherty's complaint is REVERSED and the case is REMANDED for proceedings consistent with this order.