Robert SAMUEL and Augustine Samuel Plaintiffs,

v.

CITY OF CHICAGO, a Municipal corporation, Michael Callahan, Bernard Kelly, Michael Mullen, and John Doe, Defendants.

No. 98 C 3377.

United States District Court, N.D. Illinois, Eastern Division.

March 2, 1999.

Mary R. Minella, John Christopher Mullen, Christopher Mullen, Mullen and Minella, Chicago, IL, Michael T. Mullen, Paul B. Episcope, Ltd., Chicago, IL, for Plaintiffs.

Brian L. Crowe, Thaddeus S. Machnik, City of Chicago, Law Dept., Corp. Counsel, Chicago, IL, Michael W. Early, Thomas Joseph Platt, Robert W. Barber, Mi-

chael P. Sheehan, Steven M. Yarosh, Josh Michael Engquist, City of Chicago, Law Dept., Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEVIN, United States Magistrate Judge.

Plaintiffs Robert Samuel ("Samuel") and Augustine Samuel (collectively "Plaintiffs") filed a six-count amended complaint against Defendants City of Chicago and City of Chicago Police Officers Michael Callahan, Bernard Kelly and Michael Mullen alleging civil rights violations pursuant to 42 U.S.C. § 1983 ("§ 1983") and the Fourteenth Amendment to the Constitution and state law claims.

Defendant Bernard Kelly ("Kelly") now moves to dismiss Plaintiffs' amended complaint against him pursuant to FED.R.CIV. P.12 (b)(6) for failure to state a claim upon which relief may be granted. For the reasons set forth below, the Court grants Kelly's motion to dismiss.

## BACKGROUND

On June 7, 1997, at approximately 3:00 p.m., Samuel was feeling ill and stopped to rest in his vehicle which he parked next to an Amoco gas station building located at the corner of 103rd Street and Torrence Avenue in the City of Chicago. (See Am. Cmplt. ¶ 9.) One hour later, at approximately 4:00 p.m., Defendants Callahan and Mullen ("Callahan and Mullen") entered Samuel's vehicle where they allegedly kicked and punched him and forcibly removed him from his vehicle. (See Am. Cmplt. ¶ 10.) Callahan and Mullen placed Samuel under arrest, handcuffed him, and transported him to the Fourth District Police Station. (See Am. Cmplt. ¶¶ 12, 13.) Samuel further alleges that Callahan and Mullen beat him while he was transported to the police station. (See Am. Cmplt. 13.) After arriving at the Fourth District Police Station, Kelly approved the

finding of probable cause to arrest Samuel. (See Am. Cmplt. ¶ 18.)

While detained at the police station, Samuel repeated informed Defendant "John Doe," the officer on duty, that he required insulin due to a diabetic condition. (See Am. Cmplt. ¶ 15.) Samuel was not permitted to take the needed insulin and was detained in excess of 11 hours. (See Am. Cmplt. ¶¶ 14,15.)

On June 8, 1997, at approximately 3:00 a.m., Samuel was transported from the Fourth District Police Station to EHS Trinity Hospital. (See Am. Cmplt. ¶ 17.) Samuel, while a patient at EHS Trinity Hospital, was released from police custody after being issued an I-bond. (See Am. Cmplt. ¶ 17.) Samuel remained a patient at EHS Trinity Hospital for approximately three weeks and received treatment for his injuries. (See Am. Cmplt. ¶ 17.) Samuel was subsequently transferred to Michael Reese Hospital where he remained for another three weeks. (See Am. Cmplt. ¶ 17.) Samuel allegedly suffered from contusions, lacerations, and other injuries resulting from injury to his legs, abdomen, chest and head as well as aggravation of his preexisting heart and diabetic conditions. (See Am. Cmplt. ¶ 16.)

## DISCUSSION

### I. STANDARDS FOR A MOTION TO DISMISS.

When considering a motion to dismiss, the Court examines the sufficiency of the complaint rather than the merits of the lawsuit. *See Triad Assoc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir.1989). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence that supports the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A motion to dismiss will be granted only if the Court finds that the plaintiff can put forth no set of facts that would entitle him to relief. *See Venture Associates Corp. v. Zenith Data Sys-*

*tems Corp.*, 987 F.2d 429, 432 (7th Cir. 1993); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). On a motion to dismiss, the Court draws all inferences and resolves all ambiguities in the plaintiff's favor and assumes that all well-pleaded facts are true. *See Dimmig v. Wahl*, 983 F.2d 86, 87 (7th Cir.1993).

## II. KELLY IS NOT LIABLE UNDER SECTION 1983.

### INTRODUCTION

■ "Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983); *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir.1982); *Adams v. Pate*, 445 F.2d 105, 107 (7th Cir.1971). A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976).

Plaintiffs' amended complaint alleges three counts against Kelly: Count I (unlawful physical abuse and failure to provide medical attention), Count II (unlawful and malicious arrest), and derivative Count VI (loss of consortium).[1]

### COUNT I

As stated, Count I of the amended complaint essentially contains two claims, i.e. excessive force and failure to provide medical attention.

As to the excessive force claim, Plaintiffs admit that they are not presently "alleging a claim of excessive force against Defendant Kelly." (See Plts.' Resp. at 5) As seen, an individual cannot be held liable in a § 1983 action unless he caused or participated in an asserted constitutional deprivation. *Wolf–Lillie*, 699 F.2d at 869.

Respecting the medical attention claim, the only person that Plaintiff alleges that he informed that he needed insulin was the "John Doe" officer at the stationhouse. (See Am. Cmplt. ¶ 15.) Count I thus does not allege any personal involvement of Officer Kelly in Plaintiffs' medical attention claim.

In short, Kelly's motion to dismiss is well founded as to Count I.

### COUNT II

■ Plaintiffs' overall assertion herein is that Kelly has responsibility, in part, for the "unlawful" arrest claim of Count II. The Court first considers this assertion by recognition of the fact that Kelly did not participate in Samuel's arrest. (See Am. Cmplt. ¶ 12.) Rather, it was Defendants Callahan and Mullen who were responsible for removing Samuel from his car and subsequently arresting him and transporting him to the Fourth District Police Station. (See Am. Cmplt. ¶ ¶ 10, 12.) Specifically, Plaintiffs' contend that Kelly is liable for the unlawful arrest *solely* because he was the officer who approved the finding of probable cause to arrest Samuel. (See Am. Cmplt. ¶ 18.)

Put differently, as alleged, Kelly was simply the officer who approved the finding of probable cause to arrest the Plaintiff at the police station. In *Jenkins v. Keating*, 147 F.3d 577, 583-84 (7th Cir.1998), the Seventh Circuit expressly held that a Police Officer's signing of a criminal complaint against a Plaintiff (after an arrest by another Officer) does not give rise to a § 1983 claim against the signing Officer. Accordingly, as signing a criminal complaint does not give rise to a § 1983 claim, the equivalent approval of the finding of probable cause to arrest by Kelly, without more, does not give rise to a § 1983 claim. See also *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 439 (7th Cir.1986).

---

1. For purposes of the instant motion, it is not necessary to reach Kelly's argument(s) that Plaintiffs' claims against him are not properly brought under the fourteenth amendment, as alleged.

Based on the foregoing, the Court finds that the unlawful arrest claim against Kelly must fail.

## COUNT VI

Count VI of Plaintiffs' Complaint alleges a "loss of consortium" claim on behalf of Mrs. Samuel. As seen, the cause against Kelly must be dismissed (and Kelly cannot be held liable for the alleged actions of other individuals). Accordingly, Mrs. Samuel's derivative claim for loss of consortium against Kelly must also be dismissed.

### CONCLUSION

In view of the foregoing, the motion to dismiss the cause against Defendant Kelly (contained in Counts I, II and VI) is granted.[2]

---

2. This ruling is without prejudice to Plaintiffs' to timely move for leave to add Kelly as a Defendant if case discovery shows personal involvement by Lt. Kelly in any of Plaintiffs' § 1983 claims.