**Samuel James JACKSON,**
**Plaintiff-Appellant,**

v.

**John T. COX, Ted L. Potter and James E. Walker, Defendants-Appellees.**

**No. 76–1303**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 8, 1976.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

**210**

Samuel James Jackson, pro se.

John T. Cox, Ted L. Potter, James E. Walker, Belton, Tex., for defendants-appellees.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Appellant was convicted of forgery and is now serving a life sentence in the Texas Department of Corrections as a habitual criminal. He brings a civil rights action alleging that the three attorney-defendants conspired to defraud him of $750 without rendering any legal assistance in his appeal. Appellant relies on 42 U.S.C. §§ 1985(3), 1986, 1988. The trial court dismissed the complaint for failure to state a claim for which relief may be granted.

*Griffin v. Breckenridge* made § 1985(3) applicable to private actions but stressed that the statute was not intended to reach "all tortious, conspiratorial interferences with the rights of others." 403 U.S. 88, 101, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Section 1985(3) was designed to prevent deprivation of equal protection of the laws and equal privileges and immunities, not to serve as a general federal tort law that would permit a suit for fraud or breach of contract, which is the essence of appellant's complaint here.

> The constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose—by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors of the limiting amendment. . . . The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all.

*Id.* at 102, 91 S.Ct. at 1798.

The pleading here fails to allege the kind of class-based, invidiously discriminatory animus behind the conspirators' action required by *Griffin v. Breckenridge.* Plaintiff alleged no more than that he was black and defendants were white, and his pleadings offered but one phrase alluding to racial bias as one motivating factor. Not otherwise put before the district court and nowhere urged to this court on appeal, plaintiff has failed to assert a racially discriminatory conspiracy that would raise any question as to the applicability of *Griffin.* The district court's dismissal of the complaint is AFFIRMED.