IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 92-8369

Summary Calendar

———————————————

Brian Grady,

Plaintiff-Appellee,

versus

El Paso Community College, et al.,

Defendants,

Linda Luehrs

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Western District of Texas

———————————————

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:

Defendant Luehrs appeals the district court's denial of her motion for dismissal or summary judgment on the basis of qualified immunity. This interlocutory decision may be appealed under 28 U.S.C. § 1291. Mitchell v. Forsyth, 472 U.S. 511, 527, 105 S. Ct. 2806, 2816 (1985).

Grady brought this action against his former employer, El Paso Community College, and two of its faculty members, Luehrs and Canuteson. Grady claims that the defendants violated his rights under the First Amendment and 38 U.S.C. § 2021(b)(3).

Grady was employed as a probationary instructor in law enforcement at El Paso Community College, a political subdivision of the State of Texas. Grady, a Naval reserve officer, also acted as campus liaison officer for the Navy Recruiting Command. Luehrs headed the department in which Grady taught. Grady contends that Luehrs and Canuteson disliked his military affiliation and support for the Persian Gulf war. Disputed summary judgment evidence shows conflicts between Grady and Luehrs and Canuteson. According to Grady's submissions, Luehrs criticized and harassed Grady for wearing his Navy uniform on campus. Canuteson and Grady argued over Grady's reservist duties, their effect on his tenure status, and the war. In December 1991, Grady learned that his teaching contract would not be renewed at the end of the 1991-92 school year.

Grady claims that Luehrs and Canuteson wrongfully caused his termination. Luehrs and Canuteson allegedly conspired to persuade the College to end Grady's employment, doing so in bad faith and intending to deprive Grady of his rights.

Luehrs moved for dismissal or summary judgment granting her qualified immunity. Grady's claim that Luehrs is not a public official entitled to qualified immunity under any circumstances is without merit. Grady's complaint states that Luehrs is employed by the College as a Division Chair for the department in which Grady was employed. Grady also alleged that Luehrs acted upon authority vested in her by the College. Public school administrators making employment decisions are government officials who may receive

2

qualified immunity.  See e.g Mangaroo v. Nelson, 864 F.2d 1202 (5th Cir. 1989).

Our first step when reviewing the denial of qualified immunity is whether the plaintiff has stated a claim for the violation of federal rights.  See Duckett v. City of Cedar Park, 950 F.2d 272, 278 (5th Cir. 1992).  The existence of a viable claim is a threshold requirement in order for plaintiff to overcome the qualified immunity defense.  Siegert v. Gilley, 111 S. Ct. 1789, 1793 (1991).  In this case, Grady has failed to state a valid claim under § 2021 against Luehrs.  38 U.S.C. § 2021(b)(3) provides that a person "shall not be denied hiring, retention in employment, or any promotion or other incident or advantage of employment because of any obligation as a member of a Reserve component of the Armed Forces."  Reservists may bring an action to compel employers to comply with § 2021(b)(3)'s requirements and award lost wages.  38 U.S.C. § 2022.  An action under §§ 2021 et seq. against Luehrs in her individual capacity, however, is not appropriate.  An action at law for damages under § 2021 is not available.  Britt v. Georgia Power Co., 677 F. Supp. 1169, 1174 (N.D. Ga. 1987).  Instead the statute provides relief in the form of reinstatement and back pay-- remedies available only from the College.  In an analogous situation, an employer's owner escaped personal liability under § 2021 because the plaintiff failed to establish that the owner was the alter ego of the employer corporation.  Chaltry v. Ollie's Idea, Inc., 546 F. Supp. 44, 52 n.13 (W.D. Mich. 1982).

Nor may Grady seek compensation from Luehrs for violating his reservists' rights by suing under 28 U.S.C. § 1983. A suit may be brought under § 1983 for the violation of a federal statute. <u>Maine v. Thiboutot</u>, 448 U.S. 1, 100 S. Ct. 2502 (1980). Section 1983 is not available, however, in two settings: (1) where Congress has foreclosed § 1983 enforcement in the enactment itself and (2) where the statute does not create enforceable rights, privileges, or immunities within the meaning of § 1983. <u>Middlesex Cty. Sewerage Authority v. National Sea Clammers Ass'n</u>, 453 U.S. 1, 20, 101 S. Ct. 2615, 2626 (1981); <u>Pennhurst State School & Hosp. v. Halderman</u>, 451 U.S. 1, 28, 101 S. Ct. 1531, 1545 (1981). To determine whether Congress meant to foreclose a § 1983 suit based on the Veterans' Reemployment Rights Act, we must infer its intent from the Act's provisions.

One factor implying foreclosure is that the Act provides for a private judicial remedy. <u>See</u> <u>Victorian v. Miller</u>, 813 F.2d 718, 723 (5th Cir. 1987). Furthermore, in <u>Irby v. Sullivan</u>, 737 F.2d 1418 (5th Cir. 1984), we held that a violation of Title VII cannot support a § 1983 suit. <u>Id.</u> at 1429. One basis for this decision was that § 1983 authorized compensatory damages not available under Title VII, <u>id.</u>, which also weighs against § 1983 claims based on the Veterans' Reemployment Rights Act. <u>See</u> <u>Britt</u>, 677 F. Supp. at 1174. We conclude that § 1983 will not provide a vehicle allowing

4

Grady to make claims against Luehrs based upon the Act.[1]  Appellant was entitled to dismissal of all claims under 38 U.S.C. § 2021.

On the other hand, Grady has stated a § 1983 claim against Luehrs based upon the First Amendment. Grady contends that Luehrs deprived him of his right to free speech under color of state law by causing his termination.  He alleges that Luehrs was motivated to do so by Grady's outspoken support of the Persian Gulf war.  A state educational institution may not refuse to rehire a non-tenure teacher due to his exercise of protected First Amendment freedoms.  See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84, 97 S. Ct. 568, 574 (1977).

Luehrs contended that even after amending his complaint, Grady failed to satisfy the heightened pleading requirement of Elliott v. Perez, 751 F.2d 1472 (5th Cir. 1985).  On the contrary, Grady's Second Amended Complaint sufficiently states grounds for denying qualified immunity.  Grady alleged that Luehrs acted as division chair for the department in which he worked and used that position to prevent the renewal of his employment contract.  The complaint alleges that Luehrs was motivated to do so by his expression of protected speech on a matter of public concern, United States military involvement in the Persian Gulf.  Although Grady does not

---

[1]We are not persuaded by the district court decision in Boyle v. Board of Police Commissioners, 717 F. Supp. 23, 27 (D.N.H. 1989), which allowed a § 1983 claim based on the Veterans' Reemployment Rights Act.  Boyle's cursory analysis stated that Congress must "specifically foreclose" § 1983 enforcement, rather than examining the statute to infer intent.

specifically allege when he made the protected statements or how Luehrs was made aware of them, his allegation that she was motivated by those statements necessarily entails her awareness.

Because Grady's complaint states a violation of federal rights, we turn to the question of whether Grady has met his burden on summary judgment of showing that Luehrs' conduct does not entitled her to qualified immunity. See Chrissy F. v. Mississippi Dep't of Public Welfare, 925 F.2d 844, 851 (5th Cir. 1991)(holding that plaintiff bears the burden of negating the qualified immunity defense). On summary judgment, the nonmoving party who bears the burden of proof on an issue may not rely upon his pleadings, but must present evidence to show a genuine issue of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986). Grady points to affidavits in the record to show an issue regarding whether Luehrs retaliated against Grady for his speech. Michael Faupel's affidavit states Grady and Canuteson argued concerning Grady's reserve membership and the Persian Gulf war. During this argument, Faupel states, Canuteson told Grady that Canuteson and Luehrs could "get rid of Mr. Grady." Although other testimony that Luehrs disliked Grady personally and his membership in the reserves does not support the First Amendment claim, Faupel's testimony creates an issue of fact precluding summary judgment.

An official is entitled to qualified immunity unless her conduct violated clearly established federal rights. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). The contours of the right must be sufficiently clear that a reasonable

6

official would understand that what she is doing violates that right.  Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039 (1987).  The First Amendment protections of state employees who speak on matters of public concern are clearly established.  See e.g. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S. Ct. 568 (1977).  Moreover, a reasonable official would have recognized that speech regarding the Persian Gulf war constituted a matter of public concern.  A genuine issue exists regarding whether Luehrs brought about the end of Grady's employment in response to his protected speech.  Luehrs was not entitled to qualified immunity against Grady's First Amendment claim.

The district court should have granted Luehrs' motion in part, by dismissing claims against her individually based on the Veterans' Reemployment Rights Act.  Luehrs was not entitled, however, to summary judgment based on qualified immunity against Grady's First Amendment claims.

REVERSED in part and AFFIRMED in part.