**Stuart BRACE, Plaintiff,**

**v.**

**The OHIO STATE UNIVERSITY, et al., Defendants.**

**No. C2–94–291.**

United States District Court,
S.D. Ohio,
Eastern Division.

Oct. 21, 1994.

Elizabeth H. Doucet, E.H. Doucet & Associates, Columbus, OH, for plaintiff.

Wanda L. Carter and Elizabeth M. Stanton, Moots, Cope & Stanton, Columbus, OH, for defendants.

## *OPINION AND ORDER*

GRAHAM, District Judge.

This is an action filed by plaintiff Stuart Brace against his employers, the Ohio State University ("the University") and the Ohio

State University Medical Center ("the Medical Center"), and against John M. Riddles and Soradej Thimdit, employees of the University. This matter is before the court on the motion of defendants to dismiss Counts III, VI, VII and VIII of the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Defendants move for the dismissal of those counts to the extent that they relate to an alleged breach of a conciliation agreement entered into in 1992 between the University and the United States Department of Labor, Office of Federal Contract Compliance Programs ("OFCCP"), to settle alleged violations by the University of the Vietnam Era Veterans Readjustment Assistance Act of 1974 ("VRA"), 38 U.S.C. § 4212. Defendants have also moved in the alternative for summary judgment pursuant to Fed.R.Civ.P. 56 as to those claims. Plaintiff has responded both to the motion to dismiss and to the motion for summary judgment. Since both parties have submitted documents outside the pleadings for the court's consideration, the court will apply summary judgment standards to defendants' motion.

The procedure for granting summary judgment is found in Fed.R.Civ.P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In Paragraphs 26, 27 and 28 of his complaint, plaintiff alleges the following:

> 26. In 1992 the U.S. Department of Labor, OFCCP and defendant OSU and OSU Medical Center entered into a Conciliation Agreement regarding veterans' rights. This Conciliation Agreement is binding upon defendants Riddles and Thimdit as agents, employees and representatives of defendants OSU and OSU Medical Center. As part of this Conciliation Agreement, the agents, representatives and employees of defendants OSU and OSU Medical Center, including defendants Riddles and Thimdit, were to take affirmative steps to eliminate harassment and illegal discrimination and remove the hostile work environment for veterans based on their veteran status. Further, such defendants were to take affirmative steps to hire, promote and employ qualified veterans, and affirmative steps were to be extended in cases of demotion or layoff.
>
> 27. Plaintiff, as a veteran, is an intended beneficiary of this Conciliation Agreement.
>
> 28. Defendants Riddles and Thimdit have intentionally and materially breached this Conciliation Agreement by discriminating against plaintiff based on his status as a veteran, in violation of 42 U.S.C. 1983 and 42 U.S.C. 1985. Further, defendants Riddles and Thimdit, in conjunction with other agents, employees and representatives of defendant OSU and OSU Medical Center have conspired to deprive plaintiff of rights granted to him as an intended beneficiary under the Conciliation Agreement.

In Count III of the complaint, plaintiff alleges that "Riddles and Thimdit's conduct in this regard constitutes unlawful harassment and intimidation in violation of 42 U.S.C. § 1983 as such conduct breaches the conciliation agreement ... of which plaintiff is an intended beneficiary." In Count VI, plaintiff alleges that the conduct of defen-

dants Riddles & Thimdit "constitutes unlawful harassment and intimidation and discrimination on account of his status as a Vietnam Era veteran in violation of the Conciliation Agreement," entitling him to damages under 42 U.S.C. § 1985. Count VII does not refer to the conciliation agreement but instead alleges a breach of a settlement agreement allegedly entered into by plaintiff and the University on March 8, 1991. Count VIII alleges promissory estoppel without referring to a particular agreement or promise.

■ Defendants have moved to dismiss Count III on the basis that plaintiff cannot employ § 1983 as a vehicle for asserting a claim for breach of the conciliation agreement. To successfully state a claim under § 1983, the plaintiff must identify a right secured by the United States Constitution or a federal statute and the deprivation of that right by a person acting under color of state law. *Russo v. Cincinnati,* 953 F.2d 1036 (6th Cir.1992). Count III of the complaint refers to the September 16, 1992 conciliation agreement which was entered into by the University and the OFCCP to implement the University's compliance with the VRA, 38 U.S.C. § 4212. The VRA requires employers who enter into certain contracts with the United States to have affirmative action programs for Vietnam veterans. 38 U.S.C. § 4212(a). The statute does not expressly provide for private actions, but veterans who believe themselves to be victims of discrimination may complain to the Secretary of Labor, who is charged with the responsibility of enforcing the VRA administratively. 38 U.S.C. § 4212(b).

Defendants argue that plaintiff does not qualify for protection under the VRA, because he has not established that he falls within the definition of a Vietnam era veteran. Under 38 U.S.C. § 4211(2)(A), a "veteran of the Vietnam era" means an eligible veteran any part of whose active military service was during the Vietnam era. The term "Vietnam era" means the period beginning August 5, 1964 and ending May 7, 1975. 38 U.S.C. § 101(29). The term "active duty" means full-time duty. 38 U.S.C. § 101(21). Plaintiff testified in his deposition that his full-time military service ended in the summer of 1964, and his University employment application indicated that plaintiff served in the military until July, 1964, which was prior to the Vietnam era. Based upon the evidence before the court, it appears that plaintiff would not qualify as a person entitled to protection under the VRA.

■ Defendants further argue that plaintiff may not rely on § 4212 as a vehicle to assert a violation of the conciliation agreement. It is well established that no private cause of action is available to enforce rights under § 4212(a), which was the basis of the conciliation agreement. In *Harris v. Adams,* 873 F.2d 929 (6th Cir.1989), the Sixth Circuit examined the relevant factors under *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) and concluded that Congress did not intend to create a private cause of action under 38 U.S.C. § 2012(a) (now codified as 38 U.S.C. § 4212(a)). *See also Barron v. Nightingale Roofing, Inc.,* 842 F.2d 20 (1st Cir. 1988); *Wilson v. Amtrak Nat'l R.R. Corp.,* 824 F.Supp. 55 (D.Md.1992); *De Leon Cruz v. Loubriel,* 539 F.Supp. 250 (D.P.R.1982); *Butler v. McDonnell–Douglas Saudi Arabia Corp.,* 93 F.R.D. 384 (S.D.Ohio 1981).

■ Plaintiff argues that he is entitled to assert a claim for breach of the agreement under a third party beneficiary theory. However, the Sixth Circuit decided in the context of § 503 of the Rehabilitation Act of 1973, which has frequently been cited as being analogous to § 4212, that no third party cause of action was available on the basis of a contract between the employer and the government. *See Hoopes v. Equifax, Inc.,* 611 F.2d 134 (6th Cir.1979).

In *Harris,* the court concluded that Congress did not intend to create a private cause of action under § 4212. Recognizing the existence of an individual cause of action under a third-party beneficiary theory in cases where the government has entered into a conciliation agreement would result in the same kind of circumvention of administrative remedies which the court noted in *Harris,* and would amount to creating a private cause of action where none is authorized under § 4212.

In *D'Amato v. Wisconsin Gas Co.,* 760 F.2d 1474 (7th Cir.1985), the court addressed the issue of whether a third-party beneficiary claim should be allowed under the analogous provisions of § 503 of the Rehabilitation Act or under federal common law. The court concluded that a private cause of action under a third-party beneficiary theory was not available because Congress intended that the administrative remedies under § 503 be the exclusive avenue of redress. *Id.* at 1484. The court, *Id.* at 1479, also looked to whether the parties to the contract in question intended to confer an actionable right on the handicapped. Here, the provisions of the conciliation agreement do not suggest that an individual Vietnam veteran could bring a private action to enforce the terms of the agreement. Rather, Part I, Paragraph 5 of the agreement states that the OFCCP shall monitor compliance with the agreement. Part I, Paragraph 9 of the agreement states that the OFCCP may initiate enforcement proceedings if it believes that the University has violated the agreement. The court concludes that no private cause of action to enforce the conciliation agreement is available either under § 4212 or under federal common law.

Plaintiff seeks to use § 1983 as a vehicle for asserting his claims concerning the alleged breach of the conciliation agreement. The conciliation agreement was entered into pursuant to a federal statute, § 4212. The Supreme Court has recognized two exceptions to the application of § 1983 to statutory violations: 1) where Congress has foreclosed private enforcement of the statute in the enactment itself; and 2) where the statute creates no enforceable rights, privileges or immunities within the meaning of § 1983. *Middlesex Cty. Sewerage Authority v. National Sea Clammers Ass'n,* 453 U.S. 1, 19, 101 S.Ct. 2615, 2626, 69 L.Ed.2d 435 (1981). In regard to the first exception, where "remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983." *Id.* at 20, 101 S.Ct. at 2626. The Sixth Circuit concluded in *Harris* that Congress did not intend to create a private cause of action under the VRA, and noted the extensive scheme for administrative enforcement created by the statute. This court concludes that this case falls within the first *Middlesex* exception, and that plaintiff cannot seek to privately enforce an agreement made pursuant to § 4212 by bringing suit under § 1983. *Cf. Moxley v. Vernot,* 555 F.Supp. 554 (S.D.Ohio 1982) (holding no cause of action available under § 1983 for violations of the Rehabilitation Act of 1973).[1]

Defendants' motion for summary judgment on plaintiff's § 1983 claims, insofar as they are based on the conciliation agreement, is well taken. Plaintiff argues that his § 1983 claim is also based upon Title 38 in general. Title 38 governs a broad range of matters dealing with veterans' affairs. However, no allegations concerning Title 38 in general appear in plaintiff's complaint. Rather, Count III refers specifically only to the alleged breach of the conciliation agreement as being the basis of plaintiff's § 1983 claim. While pleadings under § 1983 are liberally construed, mere conclusory allegations are insufficient to state a claim under § 1983; rather, some factual basis for such claims must be set forth in the pleadings. *Chapman v. Detroit,* 808 F.2d 459 (6th Cir. 1986). The facts alleged in the complaint do not serve to notify defendants of any alleged deprivation of plaintiff's constitutional or statutory rights in violation of § 1983 other than those which allegedly arose under the conciliation agreement and § 4212. Where a motion to dismiss or, in the alternative, for summary judgment has been filed which challenges this court's jurisdiction to entertain plaintiff's § 1983 claim, plaintiff cannot rely on this court or the defendants to guess the basis for plaintiff's action. Rather, plaintiff at this point is under an obligation to point to some constitutional provision or to some specific provision under Title 38 which

1. *Boyle v. Board of Police Commissioners,* 717 F.Supp. 23 (D.N.H.1989), relied upon by plaintiff, is distinguishable because that case dealt with a different law, the Veteran's Reemployment Rights Act. In addition, the Fifth Circuit in *Grady v. El Paso Community College,* 979 F.2d 1111 (5th Cir.1992) disagreed with *Boyle* and held that no cause of action was available under § 1983 to enforce that Act.

would afford a basis for a claim under § 1983. Plaintiff has failed to do so. Since the only apparent basis for plaintiff's § 1983 claim in Count III is defendants' alleged breach of the conciliation agreement, the defendants' motion for summary judgment is granted as to Count III in its entirety.

Defendants have also moved for summary judgment on Count VI of the complaint, which alleges a conspiracy under 42 U.S.C. § 1985(3) engaged in by defendants Riddles and Thimdit to violate the conciliation agreement. Defendants argue that these allegations fall within the intracorporate conspiracy doctrine. Under this doctrine, there is no conspiracy under § 1985 where the conspiratorial conduct alleged is that of a single corporation acting through its own employees who are acting within the scope of their employment. *Hull v. Cuyahoga Valley Joint Vocational School District Bd. of Educ.*, 926 F.2d 505 (6th Cir.1991); *Doherty v. American Motors Corp.*, 728 F.2d 334 (6th Cir.1984). The intracorporate doctrine has been applied to governmental bodies. *See Edmonds v. Dillin*, 485 F.Supp. 722 (N.D.Ohio 1980).

Plaintiff alleges that this doctrine is inapplicable because the University and the Medical Center are two different entities. However, there is no evidence that this is the case. Plaintiff alleged in his complaint that defendants Riddles and Thimdit are employees of the University and of the Medical Center. Complaint, Paras. 9 and 10. If the Medical Center is a separate entity and the individual defendants are employed solely by the Medical Center, then the plaintiff would have no claim against them based on the conciliation agreement, since the agreement was between the OFCCP and the University, and these defendants would have no obligation to adhere to the agreement unless they are agents of the University. Plaintiff's own complaint alleges that the individual defendants were agents of both the University and the Medical Center. The only reasonable inference to be drawn from these allegations is that the Medical Center is a branch of the University. There is no evidence which would support treating the University and the Medical Center as separate governmental entities for purposes of the intracorporate conspiracy doctrine, and no genuine issue of material fact has been demonstrated to exist in regard to this issue. There is also no evidence that the individual defendants were not acting within the scope of their employment while allegedly committing the conspiratorial acts. The only injuries alleged in the complaint relate to decisions made in regard to plaintiff's employment. Plaintiff has alleged no facts and produced no evidence that the interest of the individual defendants in committing alleged acts in furtherance of the conspiracy were distinct from those of the University. *See Hartman v. Board of Trustees of Community College Dist. No. 508*, 4 F.3d 465 (7th Cir.1993).

Defendants further assert that since the sole basis alleged for the conspiracy in Count VI is a violation of the conciliation agreement, plaintiff fails to state a claim under § 1985. Section 1985(3) creates no substantive rights, but merely provides a remedy for the violation of the rights designated in that statute. *Great American Fed. S. & L. Ass'n v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). Section 1985 is not a general federal tort law which would permit a suit for breach of contract. *Jackson v. Cox*, 540 F.2d 209, 210 (5th Cir. 1976). Rather, in order to establish a claim under § 1985(3), plaintiff must prove: 1) the existence of a conspiracy; 2) for the purpose of depriving plaintiff of equal protection of the laws or equal privileges and immunities under the laws; 3) an act in furtherance of the conspiracy; 4) resulting in injury to his person or property or a deprivation of any right or privilege of his as a United States citizen. *Volunteer Medical Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 223 (6th Cir.1991). Plaintiff has not alleged facts or produced evidence to show how any violation of the conciliation agreement by the individual defendants had the effect of depriving him of a federal right to equal protection or equal privileges and immunities under federal law.

Even if it is assumed that the conciliation agreement created a federal right within the scope of § 1985(3) on plaintiff's behalf, plaintiff has not demonstrated that he was a member of a class subject to

the protection of § 1985(3). A § 1985(3) action must be based on a racial or class-based, invidiously discriminatory animus behind the conspirator's actions. *Ohio Inns, Inc. v. Nye,* 542 F.2d 673 (6th Cir.1976). The phrase "equal protection of the laws" in § 1985(3) applies only to discrete and insular minorities that receive special protection under the Equal Protection Clause due to inherently personal characteristics. *National Communication Systems, Inc. v. Michigan Public Serv. Com'n,* 789 F.2d 370, 374 (6th Cir.1986). Where the group of which plaintiff is a member is not one which has traditionally received special protection under the suspect classification analysis of the Fourteenth Amendment, § 1985(3) does not apply. *Browder v. Tipton,* 630 F.2d 1149 (6th Cir. 1980).

In *D'Amato,* the court addressed the issue of whether handicapped individuals comprise a class within the meaning of § 1985. The court noted, 760 F.2d at 1486–1487, that the legislative history of § 1985(3) did not reflect a concern for the handicapped, and held that handicapped individuals did not constitute a class under § 1985(3). *See also, Wilhelm v. Continental Title Co.,* 720 F.2d 1173 (10th Cir.1983) (rights and privileges protected by § 1985(3) are those with constitutional overtones, not statutorily created rights applicable to a class or group). Veteran status is not an inherently personal characteristic, and veterans were not a class which Congress originally intended to include within the scope of § 1985(3). The Sixth Circuit has held that a plaintiff relying on his World War II veteran status failed to state a claim under § 1985(3). *See Carpenter v. Board of Allen County, Commissioners,* 798 F.2d 1413, Slip Op. No. 85–3385 (6th Cir. 1986).

Further, plaintiff's § 1985 claim fails on the same basis as his § 1983 claim. Count VI alleges a § 1985(3) violation due to the conduct of the individual defendants "in violation of the Conciliation Agreement". That agreement was based on § 4212. In *Novotny,* the Supreme Court held that § 1985(3) could not be used as a vehicle to assert a claim under Title VII since allowing such a claim would permit the plaintiff to circumvent the enforcement provisions of Title VII. In *D'Amato,* 760 F.2d at 1487, the court applied the principles announced in *Novotny* to an action under § 503 of the Rehabilitation Act, which, as previously noted, has frequently been compared to the statutory and regulatory scheme under § 4212, and concluded that an action under § 1985 was not available. The court concludes that plaintiff may not employ § 1985(3) to assert a claim based upon the conciliation agreement and § 4212, since Congress intended the extensive enforcement provisions and remedies under § 4212 to be exclusive.

Plaintiff has not identified any other federal law, with the exception of Title 38 in general, which he alleges would grant him protected rights or immunities within the scope of § 1985(3). Conclusory allegations are insufficient to state a claim under § 1985(3), and a complaint which fails to identify a violation of a federally protected right is subject to dismissal. *Brooks v. American Broadcasting Companies, Inc.,* 932 F.2d 495, 499 (6th Cir.1991). Plaintiff's general reference to Title 38 is insufficient to identify an independent basis for his § 1985(3) claim which would withstand defendants' motion for summary judgment. Defendants' motion for summary judgment will be granted as to Count VI in its entirety.

Defendants also seek summary judgment on Counts VII and VIII of the complaint insofar as these counts are based on the conciliation agreement. As noted previously, Count VII refers to a settlement agreement allegedly entered into between plaintiff and the University on March 8, 1991, and does not mention the conciliation agreement. Count VIII asserts a state law claim for promissory estoppel, but the basis for this count is not specifically identified.

The court concludes that insofar as Counts VII and VIII of plaintiff's complaint may be construed as asserting state law claims for breach of contract or promissory estoppel stemming from an alleged breach of the conciliation agreement, such claims are preempted by the administrative scheme of § 4212. Any claim arising from the concilia-

tion agreement would implicate federal rather than state law because rights allegedly arising from an agreement based on a federal statute and regulations are involved and federal law would govern the interpretation of the agreement. *D'Amato,* 760 F.2d at 1478–1479.

Further, even if it is assumed that plaintiff's claims for breach of contract or promissory estoppel relating to the conciliation agreement would be recognized under Ohio law, these claims would be preempted by the administrative enforcement scheme under § 4212. In *Howard v. Uniroyal, Inc.,* 719 F.2d 1552 (11th Cir.1983), the court concluded that plaintiff's state law breach of contract claim asserted under a third-party beneficiary theory was preempted by the enforcement scheme under § 503 of the Rehabilitation Act. The court looked at the comprehensive nature of the § 503 enforcement scheme and concluded that Congress left no room for state contract actions to supplement it. *Id.* at 1559. The court further stated that preemptive intent could be inferred where the statute in question touches upon a field in which the federal interest is so dominant that the federal system will be presumed to preclude enforcement of state laws on the same subject, or where the enforcement of state law presents a serious danger of conflict with the administration of the federal program. *Id.* at 1560–1561 (citing *Pennsylvania v. Nelson,* 350 U.S. 497, 76 S.Ct. 477, 100 L.Ed. 640 (1956)).

Both those factors are present in the instant case. Section 4212 relates to matters of particular interest to the federal government, including the conditions under which the government will enter into contracts, the manner in which a breach of such contracts will be addressed, and the manner in which veterans of its armed services will be treated in employment situations. Recognizing a state law claim related to a § 4212 conciliation agreement would create the risk of lack of uniformity in the administrative enforcement scheme. The court concludes that the factors discussed in *Howard* in regard to analogous § 503 are equally applicable to § 4212, and that Congress, in providing for the comprehensive administrative scheme for the enforcement of § 4212, intended to preempt state law claims stemming from conciliation agreements entered into pursuant to § 4212. To the extent, if any, that Counts VII and VIII are based upon the conciliation agreement, defendants are entitled to summary judgment on those claims.

In accordance with the foregoing, defendants' motion for summary judgment is granted. The defendants are hereby awarded summary judgment on Counts III and VI of the complaint, and on Counts VII and VIII of the complaint insofar as these latter counts rely on the conciliation agreement.

It is so ordered.