IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60719
Summary Calendar
_____

ANTHONY CHESTER WHITE,

Plaintiff-Appellant,

versus

COMMUNITY BANCSHARES OF MISSISSIPPI, INC., doing business as
Community Bank of Mississippi; COMMUNITY BANK, of Indianola
Inc., referred to collectively as "Community Bank" and formerly
known as Peoples Bank of Mississippi; FREDDIE J. BAGLEY;
THOMAS COLBERT,

Defendants-Appellees.

_____

COMMUNITY BANCSHARES OF MISSISSIPPI, INC.; COMMUNITY BANK,
Indianola, Mississippi; COMMUNITY BANK OF MISSISSIPPI;
FREDDIE J. BAGLEY; THOMAS COLBERT,

Plaintiffs-Appellees,

versus

ANTHONY CHESTER WHITE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:98-CV-798-WS c/w
USDC No. 3:98-CV-799-WS
---------------------
May 9, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Community Bancshares of Mississippi, Inc. (the Bank) filed a civil action in the chancery court of Rankin County, Mississippi, against Anthony Chester White. White removed this action to federal court. White also filed a separate complaint against the Bank in federal court alleging jurisdiction under 42 U.S.C. § 1985 and the Employee Retirement Income Security Act of 1974 (ERISA). The district court consolidated the two actions.

The district court remanded the Bank's complaint to state court for lack of federal-question jurisdiction. We are without jurisdiction to review the remand. 28 U.S.C. § 1447(d); Albarado v. S. Pac. Transp. Co., 199 F.3d 762, 764 (5th Cir. 1999).

In accordance with Fed. R. Civ. P. 12(b)(6) the district court dismissed White's complaint for failure to state a claim. We review the Rule 12(b)(6) dismissal de novo. Barrientos v. Reliance Standard Life Ins. Co., 911 F.2d 1115, 1116 (5th Cir. 1990). We construe all of the allegations in the complaint favorably to White and accept as true all well-pleaded facts in the complaint. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

White has failed to allege a cause of action under § 1985 because he has not alleged a private conspiracy to deprive him of rights protected by the Equal Protection Clause and the Due Process Clause. See Mississippi Women's Med. Clinic v. McMillan, 866 F.2d 788, 793 (5th Cir. 1989). Section 1985(3) "was designed to prevent deprivation of equal protection of the laws and equal privileges and immunities, not to serve as a general federal tort

law that would permit a suit for fraud or breach of contract."
Jackson v. Cox, 540 F.2d 209, 210 (5th Cir. 1976).

White argues that he has stated a claim on which relief can be granted under ERISA, 29 U.S.C. § 1132(a). "[A] denial of benefits challenged under §1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). White has not alleged that he has requested benefits as specified under the various benefit plans. "An ERISA cause of action accrues when a request for benefits is denied." Hogan v. Kraft Foods, 969 F.2d 142, 145 (5th Cir. 1992). The district court did not err in dismissing this claim.

White's appeal from the district court's dismissal of his complaint and the remand to the state court of the Bank's suit is without merit and is thus frivolous. IT IS DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.

The Bank's motion to dismiss the remand portion of the appeal is DENIED AS UNNECESSARY.

APPEAL DISMISSED; MOTION DENIED AS UNNECESSARY.