IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30142
Summary Calendar
_____


SAMMIE E. GRIMES; EARLINE M. GRIMES,

Plaintiffs-Appellants,

versus

JANET RENO; JOAN ARMITURE, Assistant
United States Attorney; RON TRAVIS,
Federal Bureau of Investigations Agent,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CV-327-C
--------------------
October 29, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Sammie and Earline Grimes ("the Grimes") filed a civil rights complaint against the Government pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3). In their complaint, the Grimes alleged that the Government violated their constitutional rights when it refused to investigate their complaints that local law enforcement officials fabricated and/or altered witness statements in order to obtain an arrest warrant for the Grimes. The district court granted the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government's motion to dismiss the complaint for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). The Grimes filed a motion for relief from judgment, which was also denied.

The Grimes have appealed the denial of their motion for relief from judgment and the underlying judgment granting the Government's motion to dismiss. See Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667-68 (5th Cir. 1985) (en banc); see also Lockett v. Anderson, 230 F.3d 695, 700 & n.4 (5th Cir. 2000). On appeal the Grimes argue that the district court erred when it: (1) denied their motion for relief from judgment, (2) failed to treat the Government's motion to dismiss as a motion for summary judgment pursuant to FED. R. CIV. P. 56, and (3) dismissed their complaint.

The Grimes have not demonstrated that the district court abused its discretion in denying their motion for relief from judgment. See Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). Accordingly, the district court's order denying the motion is AFFIRMED.

The Grimes' argument that the district court should have treated the Government's motion to dismiss as a motion for summary judgment pursuant to FED. R. CIV. P. 56 is without merit. The Government did not submit any materials outside of its pleading for consideration in conjunction with its motion to dismiss. The Grimes did not submit an opposition to the motion in accordance with Uniform Local Rule 7.5M. Therefore, the district court was not presented with evidence outside the complaint. Because the

district court did not consider matters outside of the complaint in ruling on the motion, the court did not err in treating the motion as a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6).

Finally, review of the Grimes' amended complaint reveals that they have not alleged a cause of action against the Government. See 42 U.S.C. §§ 1981, 1983, and 1985(3); see also Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); Petta v. Rivera, 143 F.3d 895, 899-900 (5th Cir. 1998); and Jackson v. Cox, 540 F.2d 209, 210 (5th Cir. 1976). Accordingly, the district court's order dismissing the Grimes' complaint is AFFIRMED.